1  Anthony Raimondo, #200387
     *apr@raimondoassociates.com*
2  James D. Miller, #207709
     *jdm@raimondoassociates.com*
3  Kevin B. Piercy, #322029
     *kbp@raimondoassociates.com*
4  RAIMONDO & ASSOCIATES, a Law Corporation
   7110 N. Marks Avenue, Suite 104
5  Fresno, California 93711
   Mailing Address:
6  P.O. Box 28100
   Fresno, California 93729
7  Telephone: (559) 432-3000
   Facsimile: (559) 432-2242
8
   Attorneys for Defendants PLANASA, LLC;
9  PLANASA US HOLDINGS, LLC; PLANASA-
   CALIFORNIA REO, LLC; and NORCAL
10 NURSERY, LLC

11              **UNITED STATES DISTRICT COURT**

12            **NORTHERN DISTRICT OF CALIFORNIA**

13

14  BLAS TRUJILLO and ALBERTO DE LA          Case No.:
    ROSA, as individuals, and on behalf of other
15  members of the general public similarly situated,   [Stanislaus Sup. Ct. Case No.: CV-20-002338]

16              Plaintiff,                    **NOTICE OF REMOVAL TO FEDERAL
                                             COURT BY DEFENDANTS PLANASA,**
17       v.                                   **LLC, PLANASA US HOLDINGS, LLC,
                                             PLANASA-CALIFORNIA REO, LLC,**
18  PLANASA, LLC, a Nevada Limited Liability  **NORCAL NURSERY, LLC**
    Company; PLANASA US HOLDINGS, LLC, a
19  Nevada   Limited   Liability   Company;   [Declaration of James D. Miller; and
    PLANASA-CALIFORNIA   REO,   LLC,   a      Declaration of Michael Delaney filed in support
20  California   Limited   Liability   Company;   herewith]
    NORCAL NURSERY, LLC, a California
21  Limited Liability Company; DOES 1 through
    10, inclusive,
22
              Defendants.
23

24

25

26

27                                           Complaint filed: May 15, 2020

28

**NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANTS**

**TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLEASE TAKE NOTICE** that Defendants PLANASA, LLC, a Nevada limited liability company ("Planasa"); PLANASA US HOLDINGS, LLC, a Nevada limited liability company; PLANASA- CALIFORNIA REO, LLC, a California limited liability company; and NORCAL NURSERY, LLC, a California limited liability company, hereby remove this action from the Superior Court in the State of California for the County of Stanislaus (Case No. CV-20-002338) to the United States District Court for the Northern District of California. The removal is based on 28 U.S.C. section 1332(d) (the Class Action Fairness Act or "CAFA"). This Notice of Removal is supported by the Declarations of Michael Delaney and James D. Miller, and the supporting papers and exhibits filed herewith.

## I.

## SUMMARY OF PLEADINGS FILED IN THE STATE COURT ACTION

On May 15, 2020, Plaintiffs BLAS TRUJILLO, individually, and on behalf of other members of the general public similarly situated, commenced the above-captioned state civil action by filing a Complaint in the Superior Court of the State of California for the County of Stanislaus with Case No. CV-20-002338 (the "State Action"). Plaintiffs filed a First Amended Complaint on July 13, 2020, maintaining the same claims but adding an additional individual ALBERTO DE LA ROSA (collectively, with Mr. Trujillo and the putative class, referred herein as "Plaintiffs"). The gravamen of the State Action involves an employee class action with allegations of wage and hour violations, meal and rest break violations, failure to reimburse expenses and unfair competition. Defendants filed a timely Answer in the State Action on or about August 10, 2020. Thereafter, Defendants' now have removed the State Action to this Court.

## II.

## STATEMENT OF VENUE AND INTRADISTRICT ASSIGNMENT

Venue is proper in the United States District Court for the Northern District of California because Plaintiffs filed their Complaint in the Superior Court of California for the County of Stanislaus and alleged that the acts upon which their claims are based arose in Stanislaus County. 28 U.S.C. §§ 84(b) and 1391(b); *see* Complaint, p. 4, ¶ 10.

# III.

## THE COURT HAS ORIGINAL JURISDICTION

## BASED ON THE CLASS ACTION FAIRNESS ACT ("CAFA")

Under CAFA, a federal court has original jurisdiction over civil matters in which: (1) any member of the putative class is a citizen of a state different from that of any defendant; (2) the aggregate number of putative class members is 100 or greater; and (3) the aggregate amount in controversy exceeds the sum or value of $5 million (exclusive of interest and costs). 28 U.S.C. § 1332(d). A defendant has the burden of establishing removal jurisdiction under CAFA. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

**A.   At Least One Member of the Putative Class Is a Citizen of a Different State Than Any Defendant**

CAFA diversity jurisdiction is present here because at least one defendant and one putative class member is a citizen of different states. Planasa, with a principal place of business in California, is and has been a registered Nevada limited liability company whose laws it is organized under and is also a foreign registered entity of California since the filing of Plaintiffs' State Action, up to, and will continue through, the filing of the Notice of Removal to Federal Court. *See* Declaration of Michael Delaney ("Delaney Decl."), p. 2, ¶ 3. Under 28 U.S.C. section 1332(d)(10), "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." *See also Ferrell v. Express Check Advance of South Carolina LLC*, 591 F.3d 698, 705 (4th Cir. 2010) [concluding that the term "unincorporated association" in Section 1332(d)(10) refers to all non-corporate business entities].) As to the putative class, based upon a recent review of Planasa's business records, at least one putative class member in the State Action is not a citizen of California or Nevada. *See* Delaney Decl., p. 2, ¶ 5.

As to the unnamed Doe defendants, Defendants are without information sufficient to form a belief as to the identities of the putative defendants titled "Does 1 through 10." However, under CAFA, this action "may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b). Moreover, unknown defendants are not otherwise required to consent to or join in a notice of removal. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988).

**B.      The Class Contains More Than 100 Members**

Per Plaintiffs' own Complaint, the controversy is an alleged class action estimated by Plaintiffs "to be greater than one hundred (100)." *See* Complaint, p. 6, ¶ 26. Thus, it is undisputed that the estimated class size is more than the requisite 100 members.

**C.      The Amount-In-Controversy Exceeds $5,000,000**

Defendant has the burden of producing evidence that it is "more likely than not" that the jurisdictional threshold is in controversy. *See Sanchez v. Monumental Life Ins.*, 95 F.3d 856, 860 (9th Cir. 1996). "[That] burden is not 'daunting,' as courts recognize that under this standard, a removing defendant is *not* obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Muniz v. Pilot Travel Centers LLC,* 2007 WL 1302504 (E.D. Cal. 2007) [quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008). In measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Id.* Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met. *Id.* The Court also has discretion to accept "summary-judgment-type evidence to the amount in controversy at the time of removal." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377) (also holding that a judicial admission may establish the amount in controversy). However, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549 (2014).

Here, Plaintiffs' counsel at mediation made an initial demand over the $5,000,000 threshold. *See* Declaration of James D. Miller filed in support ("JDM Decl."), p. 2, ¶ 3. Also, based upon the allegations made in the Complaint, the number of potential putative class members and work weeks at issue, the amount put in controversy by Plaintiff's Complaint is over the $5,000,000 threshold. *See* JDM Decl., p. 2, ¶ 4. Defendants are willing to provide the Court further evidence, if necessary, upon

1  request. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002) (explaining a court may

2  also consider supplemental evidence later proffered by the removing defendant, which was not

3  originally included in the removal notice). The case value estimate of Plaintiffs' counsel within its

4  settlement demand may be relied upon in determining whether the jurisdictional limit has been met.

5  *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant

6  evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's

7  claim.") (cited by *Babasa, infra*); *see also Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d

8  424, 428–30 (7th Cir. 1997) (finding plaintiff's settlement offer was properly consulted in determining

9  "plaintiff's assessment of the value of her case"); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th

10  Cir.1994) (while a "settlement offer, by itself, may not be determinative, it counts for something");

11  *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir.1994) ("Because the record contains a letter, which

12  plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is

13  'apparent' that removal was proper."). Here, Plaintiffs cannot dispute that the amount-in-controversy

14  requirement has been met.

15  **V.**

16  **ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

17          Pursuant to 28 U.S.C. section 1446, subsection (a), a true and correct copy of all of the

18  process, pleadings, orders, and documents from the State Court Action that have been served upon

19  Plaintiffs are being filed with this Notice of Removal. To date, the only pleadings and papers on file

20  in the State Court Action are Plaintiffs' initial Complaint, Plaintiffs' First Amended Complaint and

21  Defendants' Answer. A copy of Plaintiffs' Summons and Class Action Complaint is attached hereto

22  as **Exhibit A**, a copy of Plaintiff's First Amended Complaint is attached hereto as **Exhibit B**, and a

23  copy of Defendants' Answer is attached hereto as **Exhibit C**.

24  **VI.**

25  **TIMELINESS OF REMOVAL**

26          This Notice of Removal is timely. Under 28 U.S.C section 1453(b), "A class action may be

27  removed to a district court of the United States in accordance with section 1446 (except that the 1-year

28  limitation under section 1446(c)(1) shall not apply) . . . ." Under 28 U.S.C. section 1446(b)(3), "if the

RAIMONDO & ASSOCIATES
7110 N. Marks Avenue
Suite 104
FRESNO, CA 93711

**NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANTS**

1  case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days

2  after receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

3  motion, order or other paper from which it may first be ascertained that the case is one which is or has

4  become removable."

5      To date, Defendants' have not received an "amended pleading, motion, order or other paper"

6  that would require the filing of this removal under CAFA.  Thus, Defendants' removal is timely.

7                              **VII.**

8              <u>**NOTICE TO PLAINTIFF AND STATE COURT**</u>

9      As required by 28 U.S.C. sections 1446(b) and 1446(d), Defendants will provide Plaintiffs,

10  through their counsel of record, with written notice of this removal, and will file a copy of this

11  Notice of Removal with the Superior Court of California for the County of Stanislaus.

12                             **VIII.**

13                      <u>**CONCLUSION**</u>

14      WHEREFORE, Defendants hereby remove the State Action to this Court.   In the event this

15  Court has a question regarding the propriety of this Notice of Removal, Defendants request that it issue

16  an Order to Show Cause so that Defendants may have an opportunity to more fully brief the basis

17  for this removal, and/or provide this Court with any additional support it may require.

18  Dated:  June 24, 2021                              RAIMONDO & ASSOCIATES

19

20                          By:          /s/ James D. Miller

21                                    Anthony Raimondo, Esq.
                                       James D. Miller, Esq.
22                                    Kevin B. Piercy, Esq.
                                       Attorneys for Defendants
23

24

25

26

27

28

# EXHIBIT A

71030

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PLANASA, LLC, a Nevada Limited Liability Company
Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BLAS TRUJILLO, individually, and on behalf of other members of the general public similarly situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

Electronically Filed
5/18/2020 4:51 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Carly Bonzi, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Stanislaus
801 10th Street, Modesto, CA 95354

**CASE NUMBER:** *(Número del Caso):*
CV-20-002338

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jose Macias, Jr., 1550 The Alameda, Suite 332, San Jose, CA 95126, (408) 455-1243

DATE:
*(Fecha)* 5/18/2020 4:51 PM

Clerk, by
*(Secretario)* _Carly Bonzi_ , Deputy
*(Adjunto)*
Carly Bonzi

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* PLANASA, LLC, a Nevada Limited Liability Company

   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Limited Liability Company

4. ☒ by personal delivery on *(date)* 6/11/2020

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Page 1 of 1

| SHORT TITLE: | | SUM-200(A) |
| --- | --- | --- |
| Blas Trujillo v. Planasa, LLC, et al. | CASE NUMBER: | CV-20-002338 |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[  ] Plaintiff    [✓] Defendant    [  ] Cross-Complainant    [  ] Cross-Defendant

PLANASA US HOLDINGS, LLC, a Nevada Limited Liability Company;

PLANASA-CALIFORNIA REO, LLC, a California Limited Liability Company;

NORCAL NURSERY, LLC, a California Limited Liability Company; and

DOES 1 through 10, inclusive

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Page  1  of  1

Page 1 of 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jose Macias, Jr., Bar No. 265033<br>Hector J. Rodriguez, Bar No. 305446;  Travis M. Adams, Bar No. 303447<br>Macias Rodriguez LLP<br>1550 The Alameda, Suite 332, San Jose, CA 95126<br>TELEPHONE NO.: (408) 455-1243          FAX NO.:<br>ATTORNEY FOR (Name): Plaintiff Blas Trujillo | Electronically Filed<br>5/15/2020 10:23 PM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Mouang Saechao, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **STANISLAUS**
STREET ADDRESS: 800 11th Street
MAILING ADDRESS: ~~800 11th Street~~ 801 10th Street
CITY AND ZIP CODE: Modesto, CA 95354
BRANCH NAME: Superior Court of California, County of Stanislaus

CASE NAME: Blas Trujillo v. Planasa, LLC, et al.

| CIVIL CASE COVER SHEET<br>☒ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | Complex Case Designation<br>☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>CV-20-002338 |
|---|---|---|
| | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☒ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☒ is ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☒ Large number of witnesses
   b. ☒ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve                    in other counties, states, or countries, or in a federal court
   c. ☒ Substantial amount of documentary evidence            f. ☒ Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 8
5. This case ☒ is ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: 5/15/2020

Jose Macias, Jr.                                    ▶
_____                            _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
                                                                                            Cal. Standards of Judicial Administration, std. 3.10
                                                                                            www.courtinfo.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36) Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
   Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment (*non-domestic relations*)
   Sister State Judgment
   Administrative Agency Award (*not unpaid taxes*)
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
   Declaratory Relief Only
   Injunctive Relief Only (*non-harassment*)
   Mechanics Lien
   Other Commercial Complaint Case (*non-tort/non-complex*)
   Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

1  JOSE MACIAS, JR. Bar No. 265033
   HECTOR J. RODRIGUEZ, Bar No. 305446
2  TRAVIS M. ADAMS, Bar No. 303447
   **MACIAS RODRIGUEZ LLP**
3  1550 The Alameda, Suite 332
   San Jose, CA 95126
4  Telephone:    408.455.1243

5  Attorneys for Plaintiffs

6

Electronically Filed
5/15/2020 10:23 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Mouang Saechao, Deputy

$435 PAID
$1000 PAID

7             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                    **COUNTY OF STANISLAUS**

9

10  BLAS TRUJILLO, individually, and on
    behalf of other members of the general
11  public similarly situated,

12                 Plaintiff,

13         v.

14  PLANASA, LLC, a Nevada Limited
    Liability Company; PLANASA US
15  HOLDINGS, LLC, a Nevada Limited
    Liability Company; PLANASA-
16  CALIFORNIA REO, LLC, a California
    Limited Liability Company; NORCAL
17  NURSERY, LLC, a California Limited
    Liability Company; DOES 1 through 10,
18  inclusive,

19                 Defendants.

20

21

22

23

24

25

Case No.  CV-20-002338

**CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF FOR:**

1.  Failure To Pay Minimum Wages
    (*Cal. Lab. Code §§ 1194, 1194.2, 1197*);

2.  Failure To Pay Overtime Wages
    (*Cal. Lab. Code § 1194*);

3.  Failure to Provide Compliant Meal Periods
    (*Cal. Lab. Code, §§ 226.7, 512*);

4.  Failure to Provide Compliant Rest Periods
    (*Cal. Lab. Code, §§ 226.7*);

5.  Failure to Pay All Wages When Due (*Cal.
    Lab. Code § 204*);

6.  Failure to Pay All Wages Due to Discharged
    and Quitting Employees (*Cal. Lab. Code, §§
    201-203*);

7.  Failure to Indemnify Employees for Necessary
    Expenditures (*Cal. Lab. Code, § 2802*);

8.  Unfair Competition (*California Business &
    Professions Code §§ 17200, et seq.*)

**DEMAND FOR JURY TRIAL**

26

27         This case has been assigned to Judge  Silveira, Marie Sovey
                              Dept. 21
28         Department_____ for all purposes including Trial.

                              1.

Plaintiff BLAS TRUJILLO ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, alleges and complains as follows:

## INTRODUCTION

1.     Plaintiff brings this class and representative action for wage and hour claims on behalf of himself, and all other similarly situated non-exempt hourly employees performing agricultural occupations currently or formerly employed in California by PLANASA, LLC, a Nevada Limited Liability Company; PLANASA US HOLDINGS, LLC, a Nevada Limited Liability Company; PLANASA-CALIFORNIA REO, LLC, a California Limited Liability Company; NORCAL NURSERY, LLC, a California Limited Liability Company; and DOES 1 through 10, inclusive, (hereinafter, "Defendants").

2.     At all times relevant to this Class Action Complaint, Defendants operated, leased, and/or owed land for the purpose of producing fruits and plants at various farm locations throughout California. Moreover, at all times relevant to this Class Action Complaint, Defendants are and were employers covered by the California Labor Code and Industrial Welfare Commission Wage Order No. 14, Regulating Wages, Hours, and Working Conditions in Agricultural Occupations (hereinafter "Wage Order No. 14").

3.     Beginning at least four (4) years prior to the filing of this Class Action Complaint and continuing through the present (the "Class Period"), Defendants have engaged in a systematic practice of unlawful wage theft, including but not limited to: (i) altering or condoning the alteration of time records to avoid paying Plaintiff and other similarly situated hourly employees for time worked and for overtime premiums earned; (ii) failing to pay the appropriate overtime premium rate for hours worked in excess of ten (10) hours per day and sixty (60) hours per week; (iii) requiring, suffering, or permitting Plaintiff and other similarly situated hourly employees to work off the clock without compensation including time they spent performing pre-shift and post-shift duties; (iv) failing to pay legally required premium wages when Defendants failed to provide Plaintiff and other similarly situated hourly employees with complete, timely, and uninterrupted meal and rest periods, as required by California law; (v) requiring Plaintiff and other similarly situated hourly employees to incur necessary expenses without reimbursement; (vi) failing to timely pay all wages when due; and (vii)

2.

1  failing to pay all wages upon separation of employment, among other violations of the California
2  Labor Code and IWC Wage Order No. 14-2001.

3      4.    On information and belief, Defendants had actual or constructive knowledge of the
4  improprieties alleged in this Class Action Complaint and intentionally refused to rectify their unlawful
5  policies in order to perpetuate a systematic practice of unlawful wage theft.

6      5.    At all times relevant to this Class Action Complaint, Defendants' violations of the
7  California Labor Code and Wage Order No. 14-2001 were willful, deliberate, and aimed at
8  maximizing profit at the expense of its employees' rights. Moreover, Defendants, as the employers of
9  Plaintiff and all similarly situated hourly employees, were and are legally responsible for all of the
10  unlawful conduct, policies, practices, acts and omissions, as alleged in this Class Action Complaint.

11      6.    In view of Defendants' systematic practice of unlawful wage theft, Plaintiff, on behalf
12  of himself, as an individual, and on behalf of all similarly situated current and former hourly employees
13  performing agricultural occupations for Defendants during the applicable Class Period, seeks
14  compensatory, statutory, declaratory, and injunctive relief to compensate him and his fellow workers
15  for the unpaid and underpaid wages that Defendants has stolen from them and to protect current and
16  future employees from being subjected to similar wage theft and other unlawful working conditions.

17  ## JURISDICTION AND VENUE

18      7.    This Class Action Complaint is brought pursuant to California Code of Civil Procedure
19  section 382. The monetary damages and restitution sought by Plaintiff, on behalf of himself and other
20  similarly situated non-exempt hourly employees performing agricultural occupations, exceed the
21  minimal jurisdiction limits of the Superior Court of California and will be established according to
22  proof at trial.

23      8.    This Court has original jurisdiction over this Class Action Complaint pursuant to
24  California Constitution, Article VI, Section 10, which grants the Superior Court of California "original
25  jurisdiction in all other causes" except those causes given by statute to other courts. The statutes under
26  which this Class Action Complaint are brought do not specify any other basis for jurisdiction.

27      9.    On information and belief, this Court has personal jurisdiction over Defendants in this
28  Class Action Complaint because each party is either a citizen of California, has sufficient minimum

CLASS ACTION COMPLAINT

contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by California courts consistent with traditional notions of fair play and substantial justice. Further, no federal question is at issue because the Plaintiff's claims arise under and are based solely on California law.

10.    Venue is proper in the County of Stanislaus pursuant to California Code of Civil Procedure section 395.5. Plaintiff was employed and performed work for Defendants in the County of Stanislaus, California, during the time period relevant to this Class Action Complaint. Moreover, Defendants maintain offices, have agents, and/or transact business in the County of Stanislaus.

## PARTIES

11.    At all times relevant to this Class Action Complaint, Plaintiff BLAS TRUJILLO resided in the County of Stanislaus, California. Plaintiff was employed as a general field laborer by Defendants from April 2017 to October 19, 2017. Plaintiff reported for work at Defendants' Turlock, California, location and worked in its surrounding field areas as instructed by Defendants. Plaintiff also worked at Defendants' Delhi, California location, as instructed by Defendants. Plaintiff's last rate of pay with Defendant was $11.50 per hour.

12.    Plaintiff is informed and believes and thereon alleges that all Defendants in this Class Action are part of a multinational horticultural company headquartered in Spain and operating under the name of "PLANASA." This multinational company, and the California and Nevada entities that it owns and are named in this Class Action Complaint, are engaged in operations involving nurseries, breeding and fruit production. PLANASA, as a global entity, and in its various California operations, specializes in the production and breeding of different varietals of raspberries, strawberries, blueberries, blackberries, endives, garlic and asparagus, among other plants.

13.    Plaintiff is informed and believes and thereon alleges that in or around April 2017, PLANASA LLC purchased NORCAL NURSERY, INC, or a division thereof, and thereafter proceeded to restructure and form NORCAL NURSERY, LLC, which has operations in Delhi, California, and produces strawberry and raspberry plants.

14.    Plaintiff is informed and believes and thereon alleges Defendants PLANASA, LLC, PLANASA US HOLDINGS, LLC, PLANASA-CALIFORNIA REO, LLC, and NORCAL

4.

1  NURSERY, LLC regularly conduct business in the State of California and, at all relevant times to this

2  Class Action Complaint, were engaged in agricultural operations in and around Stanislaus County,

3  California, and employed Plaintiff and other aggrieved employees to perform work in agricultural

4  occupations such as field work, irrigation, planting, greenhouse work, pipe laying, and/or ranch work.

5      15.    Plaintiff is unaware of the true names or capacities of the Defendants sued herein under

6  the fictitious names, DOES 1 through 10, inclusive, and therefore sues said Defendants under such

7  fictitious names. On information and belief, each of the DOE Defendants is liable for the unlawful

8  acts alleged in this Class Action Complaint and proximately caused the injuries and damages to

9  Plaintiff and Class Members prosecuting this Class Action Complaint. Once Plaintiff ascertains the

10  true names and capacities of these DOE Defendants, Plaintiff will seek leave of court to file an

11  amended Class Action Complaint.

12      16.    At all times relevant to this Class Action Complaint, Defendants were the "employer"

13  of Plaintiff within the meaning of all applicable California laws and statutes.

14      17.    At all times relevant to this Class Action Complaint, Defendants were subject to the

15  California Labor Code and IWC Wage Order 14-2001, because their employees worked in the County

16  of Stanislaus and throughout the State of California.

17      18.    At all times relevant to this Class Action Complaint, each of the Defendants were the

18  agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-

19  interest, co-conspirators and/or assigns, of each of the other Defendants.

20      19.    At all times relevant to this Class Action Complaint, each of the Defendants were acting

21  within the course and scope of their authority as such agents, partners, joint venturers, joint employers,

22  representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or

23  omissions alleged in this Class Action Complaint were committed with the ratification, knowledge,

24  permission, encouragement, authorization and/or consent of each alleged DOE Defendant.

25      20.    Plaintiff further alleges Defendants directly or indirectly controlled or affected the

26  working conditions, wages, working hours, and conditions of employment of Plaintiff and Class

27  Members so as to make each of the Defendants liable under the statutory provisions set forth in this

28  Class Action Complaint as joint employers.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action on his own behalf an on behalf of all other members of the general public similarly situated who were affected by Defendants' violations of the California Labor Code, Business and Professions Code section 17200, and IWC Wage Order No. 14-2001.

22.     All claims alleged in this Class Action Complaint arise under California law for which Plaintiff seeks relief authorized by California law. Plaintiff's proposed Class consists of and is defined as follows:

      a.    **Proposed Class**: All current or former hourly-paid or non-exempt employees in agricultural occupations who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment ("Class").

23.     Plaintiff also seeks to certify the following Subclass:

      a.    **Proposed Waiting Time Penalties Subclass**: All members of the Class who separated their working relationship from Defendants within three years prior to the filing of this action to the time the Subclass is certified ("Waiting Time Subclass").

24.     Plaintiff reserves the right to seek leave of this Court to amend this Class Action Complaint to plead additional subclasses or modify any Class or Subclass definition as Plaintiff deems appropriate, based on his investigation, discovery, and specific theories of liability.

25.     Members of the Class and the Waiting Time Subclass described above will be collectively referred to as "Class Members" in this Class Action Complaint.

26.     A well-defined community of interest in the litigation exists and the proposed Class and Subclass are readily ascertainable:

      a.    **Numerosity**: The Class Members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the Class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

6.

b.  **Typicality**: Plaintiff's claims are typical of all other Class Members as demonstrated in this Class Action Complaint. Plaintiff will fairly and adequately protect the interests of the other Class Members with whom he has a well-defined community of interest.

c.  **Adequacy**: Plaintiff will fairly and adequately protect the interests of each Class Member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated in this Class Action Complaint. Plaintiff has no interest that is antagonistic to the other Class Members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred and will continue to incur during the pendency of this Class Action Complaint, costs and attorneys' fees that have been, are, and will necessarily be expended for the prosecution of this Class Action Complaint for the substantial benefit of each Class Member.

d.  **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all Class Members is impractical.

e.  **Public Policy Considerations**: Certification of this lawsuit as a class action will advance public policy objectives. Employers throughout the State of California violate employment and labor laws on a daily basis. Current employees are often reluctant to assert their rights individually because of fear of direct or indirect retaliation by their employers. Class actions however provide Class Members, who are not specifically named in the Class Action Complaint, with anonymity that allows for the vindication of their rights without fear of direct or indirect retaliation by their employers.

27. Plaintiff brings and maintains this Class Action Complaint as a class action under California Code of Civil Procedure section 382 because common questions of law and fact exist as to the Class Members that predominate over questions of law and fact affecting only individual members

7.

1    including, but not limited to:

2         a.    Whether Defendants' failure to pay wages without abatement or reduction in
3               accordance with the California Labor Code was willful;

4         b.    Whether Defendants had a corporate policy and practice of failing to pay their
5               hourly non-exempt employees in agricultural occupations within the State of
6               California for all hours worked and missed meal and rest periods (short, late,
7               interrupted, and/or missed altogether) in violation of California law;

8         c.    Whether Defendants required Plaintiff and Class Members to work overtime
9               hours and failed to pay the legally required overtime compensation to Plaintiff
10              and Class Members;

11        d.    Whether Defendants deprived Plaintiff and Class Members of meal and/or rest
12              periods or required Plaintiff and Class Members to work during meal and/or
13              rest periods without compensation;

14        e.    Whether Defendants failed to pay minimum wages to Plaintiff and Class
15              Members for all hours worked;

16        f.    Whether Defendants failed to timely pay all wages due to Plaintiff and Class
17              Members during their employment;

18        g.    Whether Defendants failed to pay all wages due to Plaintiff and Class Members
19              within the required time upon their separation— discharge or resignation;

20        h.    Whether Defendants failed to reimburse Plaintiff and Class Members for
21              necessary business-related expenses and costs;

22        i.    Whether Defendants' conduct was willful or reckless;

23        j.    Whether Defendants engaged in unfair business practices in violation of
24              California Business & Professions Code section 17200 et seq.;

25        k.    The appropriate amount of damages, restitution, and/or monetary penalties
26              resulting from Defendants' violation of California law; and

27        l.    Whether Plaintiff and Class Members are entitled to compensatory damages
28              pursuant to the California Labor Code and IWC Wage Order No. 14-2001.

8.

1

## GENERAL ALLEGATIONS

2    28.    At all times relevant to this Class Action Complaint, Defendants employed Plaintiff
3    and other California residents as hourly employees within the State of California, including the County
4    of Stanislaus.

5    29.    Defendants, jointly and severally, employed Plaintiff as an hourly, non-exempt
6    agricultural employee from April 2017, to October 19, 2017, in the State of California. More
7    specifically, Plaintiff was employed as a general field laborer at various strawberry and raspberry field
8    sites for Defendants in Stanislaus County and its surrounding areas.

9    30.    Defendants continue to employ hourly, non-exempt employees in agricultural
10    occupations in California.

11    31.    At all times relevant to this Class Action Complaint, on information and belief,
12    Defendants were advised by skilled lawyers, employees, and other professionals who were
13    knowledgeable about California's wage and hour laws, employment, and personnel practices, and the
14    requirements of California law.

15    32.    At all times relevant to this Class Action Complaint, Defendants were required by
16    California law to compensate Plaintiff and Class Members for all hours worked (including minimum
17    and overtime wages) and did not compensate Plaintiff and Class Members for all wages earned for
18    work that Defendants required them to perform. On information and belief, in violation of the Labor
19    Code and IWC Wage Order No. 14-2001, Defendants failed to pay Plaintiff and Class Members all
20    wages due—including minimum and overtime wages—for all hours worked.

21    33.    At all times relevant to this Class Action Complaint, Defendants were required by
22    California law to provide Plaintiff and Class Members with meal periods in compliance with
23    California law or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular
24    rate of pay when Defendants did not provide them with a complete, timely, uninterrupted meal period.
25    On information and belief, in violation of the Labor Code and IWC Wage Order No. 14-2001,
26    Defendants did not always provide Plaintiff and Class Members with meal periods in compliance with
27    California law and did not provide Plaintiff and Class Members with one (1) additional hour of pay at
28    Plaintiff's and Class Members' regular rate of pay when they did not provide them with a complete,

9.

1    timely, uninterrupted meal period.

2        34.    At all times relevant to this Class Action Complaint, Defendants were required by
3    California law to provide Plaintiff and Class Members rest periods or payment of one (1) additional
4    hour of pay at Plaintiff and Class Members' regular rate of pay when they did not provide Plaintiff
5    and Class members with a rest period in compliance with California law. On information and belief,
6    in violation of the Labor Code and IWC Wage Order No. 14-2001, Defendants did not always provide
7    Plaintiff and Class Members with rest periods in compliance with California law and Defendants did
8    not provide Plaintiff and Class Members with payment of one (1) additional hour of pay at Plaintiff
9    and Class Members' regular rate of pay when Defendants did not provide Plaintiff and Class Members
10   with a compliant rest period.

11       35.    At all times relevant to this Class Action Complaint, Defendants were required by
12   California law to timely pay Plaintiff and Class Members their wages due during their employment.
13   On information and belief, in violation of the California Labor Code and IWC Wage Order No. 14-
14   2001, Defendants did not pay Plaintiff and Class Members all of their wages within the time periods
15   required by California law.

16       36.    At all times relevant to this Class Action Complaint, Defendants were required by
17   California law to timely pay Plaintiff and Waiting Time Class Members their wages upon separation
18   of employment. On information and belief, in violation of the California Labor Code and IWC Wage
19   Order No. 14-2001, Defendants did not pay Plaintiff and Waiting Time Class Members all of their
20   wages due upon separation of employment within time period required by California law, including,
21   but not limited to: unpaid minimum, overtime and double-time wages; meal period premiums; and rest
22   period premiums.

23       37.    At all times relevant to this Class Action Complaint, Defendants were required by
24   California law to reimburse Plaintiff and Class Members for business-related expenditures. On
25   information and belief, in violation of the California Labor Code and IWC Wage Order No. 14-2001,
26   Defendants did not provide Plaintiff and Class Members with indemnification or reimbursement for
27   all business-related expenditures, including expenses associated with purchasing waterproof overalls,
28   plastic boots, gloves and other supplies necessary and required for their work.

38.     At all times relevant to this Class Action Complaint, Defendants were required by California law to fully compensate Plaintiff and Class Members, and Defendants, despite having the financial ability to pay such compensation, willfully, knowingly and intentionally failed to do so, in order to increase their profits at the expense of Plaintiff's and Class Members' rights.

39.     In view of the Defendants' aforementioned violations of the California Labor Code and IWC Wage Order No. 14-2001, Plaintiff brings this Class Action Complaint on behalf of himself, as an individual, and on behalf of all Class Members, seeking monetary and injunctive relief against Defendants to recover, among other things, unpaid wages, interest, attorneys' fees, penalties, costs, and expenses.

40.     As alleged in this Class Action Complaint, Defendants have engaged in a systematic pattern and practice of wage theft under the California Labor Code and IWC Wage Order No. 14-2001 for the purpose of maximizing profit at the expense of their employees' rights under California law, all of which contribute to Defendants' deliberate unfair competition.

41.     Plaintiff further brings this Class Action Complaint pursuant to California Labor Code section 218, which provides  that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him under this article."

## SPECIFIC ALLEGATIONS

**Failure to Pay Minimum and Overtime Wages**

42.     At all time relevant to this Class Action Complaint, Defendants employed hundreds of Class Members, many for successive seasons, each of which spanned for several months. Each season Defendants recruited these Class Members in California and hired them to perform work for Defendants at various locations in California including Turlock and Delhi, California, and their surrounding areas. Class Members performed work as hourly non-exempt employees in agricultural occupations engaged in various duties related to farming, including irrigation, harvesting, planting, sowing, pruning, pipe laying, general ranch work, fertilizing, weed control and other duties. The work was performed in vast fields and large greenhouses.

43.     Plaintiff and Class Members generally had to report to work each day at a yard in Turlock, California. They reported as instructed by Defendants' supervisor, some as early as 6:00 a.m.

11.

1     or 6:30 a.m., depending on the day, to prepare various items needed for the workday. At all times from

2     the point that workers arrived at the yard each morning, they were under the direction and control of

3     Defendants.

4         44.     Upon arriving to the yard, Plaintiff and Class Members had to engage in a series of pre-

5     shift duties that were not compensated by Defendants and were for the benefit of Defendants.

6     Regularly, Plaintiff and Class Members were required to perform various tasks that included putting

7     on waterproof overalls, plastic boots, gloves, and other necessary equipment to work in the fields and

8     greenhouses. Plaintiff and Class Members also had to make sure they had all the appropriate tools

9     necessary for the day. Plaintiff, for example, had to prepare a daily work cart with shovels, chemicals,

10     sprinklers, and irrigation pipes for workers to use each day, including filling up large containers with

11     water and ice for the workers. All of these tasks took place before workers were "on the clock," and

12     Defendants did not compensate the crew's workers for this time.

13         45.     Plaintiff and Class Members were also regularly required to perform various tasks at

14     the end of the day before leaving the strawberry and raspberry fields and the various greenhouses

15     where work was performed. These tasks included cleaning the equipment at the end of the shift,

16     walking back to the yard and returning equipment, and removal of their overalls, boots, gloves, and

17     other equipment they used for work. Workers were not paid for this work time.

18         46.     Plaintiff and Class Members went "on the clock" and were credited with time worked

19     only when their supervisor directed them that it was time to start tracking their hours–typically at 7:00

20     a.m. As a result of this practice, on an almost daily basis, Plaintiff, and on information and belief,

21     Class Members were required to wait prolonged periods to go "on the clock" after arriving at the yard.

22         47.     Plaintiff and Class Members went off the clock after their supervisor verbally informed

23     them to stop work. Plaintiff and Class Members were forced to walk back from their last work location

24     to the yard from the field or greenhouses–a walk that took as long as 10-15 minutes. Defendants did

25     not compensate workers for this walking time. Additionally, Plaintiff, and, on information and belief,

26     Class Members, had to often stay behind to pick up work materials, clean them, and return them to the

27     yard to be ready for the next day of work–all without being paid by Defendants.

28         48.     The actual time that the workday would begin was not known to Plaintiff and the Class

1   Members because of the variations in time spent performing work at the yard, the time spent walking

2   to and from their exact work location, and waiting for instructions from supervisors as to when they

3   exactly would be credited for work on their timecards. Supervisors controlled the times Plaintiff and

4   Class Members could note on their timecards. As a result, Defendants could not and did not provide

5   them with a reliable reporting time.

6       49.     At all times while walking to and from their daily work location, Plaintiff and Class

7   Members were under the direction and control of Defendants. Indeed, Plaintiff and Class Members

8   working on any given day had to walk over controlled agriculture fields or through controlled

9   greenhouses to their assigned location. Additionally, Class Members were often picked up at the yard

10  by supervisors in vehicles and were transported to and from their various job sites at the beginning

11  and/or end of the workday. During this travel time, Class Members sometimes received training and/or

12  discussed action items for the day. Workers were not paid for this time.

13      50.     Having Plaintiff and Class Members reporting to a central location every day and the

14  time they spent walking or being transported to the exact job sites also benefitted the Defendants, as

15  it allowed them to have crews ready at the time that it deemed best for irrigation/farming/planting

16  activities to begin, allowed them to have crews to help with pre-shift and post-shift tasks, and allowed

17  Defendants to rely on a steady supply of experienced crews of workers that it could deploy from one

18  location to other locations throughout the vast fields and large greenhouses.

19      51.     Additionally, Plaintiff's pay records, and on information and belief, the pay records of

20  Class Members, demonstrate that anytime they worked overtime hours they were not paid the correct

21  overtime rate and were only paid their regular hourly rate. These violations were ongoing and Plaintiff,

22  and on information and belief, Class Members, sometimes worked more than seventy (70) hours per

23  week and were not paid the correct overtime premium.

24      52.     Further, Defendants did not always provide Plaintiff and Class Members with meal

25  periods as required by California. That is, Defendant did not provide Plaintiff and Class Members with

26  meal periods that were timely, complete, and uninterrupted, if any meal periods were provided at all.

27  When meal periods were provided, the exact start and end time of meal periods was not tracked and

28  workers were simply instructed by supervisors to write a thirty (30) minute time slot in their timecards

13.

1    at the end of the day. Accordingly, Plaintiff and Class Members had no way of knowing the exact start

2    and end time of any meal periods because of this auto deduct policy. As such, Plaintiff and Class

3    Members missed meal periods and/or had their meal periods cut short without receiving any

4    compensation from Defendants for this time worked.

5    **Failure to Provide Meal Periods**

6         53.    As previously alleged in this Class Action Complaint, Defendants had, and continue to

7    have, a *de facto* auto-deduct meal period company-wide policy and/or practice that prevented Plaintiff

8    and Class Members from taking all timely, complete, and uninterrupted meal periods. Defendants

9    required Plaintiff and Class Members to work through part or all of their meal periods, permitted their

10   meal periods to be interrupted, and/or wait extended periods of time before taking meal periods.

11   Further, Defendants did not provide Plaintiff and Class Members with second 30-minute meal periods

12   on days that they worked in excess of ten (10) hours in one day. Plaintiff and Class Members did not

13   sign valid meal period waivers for days in which they were entitled to meal periods and were not

14   relieved of all duties.

15        54.    Defendants knew or should have known that as a result of their *de facto* auto-deduct

16   policy and practice of failing to provide meal periods, that Plaintiff and Class Members were not

17   actually relieved of all duties to take timely, complete, and uninterrupted meal periods. Defendants

18   further knew or should have known that they did not pay Plaintiff and Class Members meal period

19   premium wages when they were missed, late, short, and/or interrupted.

20        55.    Defendants have engaged in a company-wide practice and/or policy of not paying meal

21   period premiums for days when they did not provide employees with compliant meal periods. Because

22   of this practice and/or policy, Plaintiff and Class Members have not received premium pay for meal

23   periods that were missed, late, short, or interrupted.

24   **Failure to Provide Rest Periods**

25        56.    As with meal periods, Defendants had a company-wide policy and practice of failing

26   to relieve Plaintiff and Class Members of all duties in order to provide them with rest periods as

27   required by California law. This practice was further compounded by the fact that Defendants required

28   Plaintiff and Class Members to wait to go to the bathrooms until their rest break times as the bathroom

                                            14.

1    were often far from their exact work location. Plaintiff and Class Members therefore worked shifts in
2    excess of 3.5 hours, in excess of 6 hours, and/or in excess of 10 hours without receiving all
3    uninterrupted 10-minute rest periods to which they were entitled.  When Plaintiff and Class Members
4    worked more than ten (10) hours in a day, Plaintiff and Class Members were not provided with a third
5    rest period.

6        57.    Defendants also have engaged in a company-wide practice and/or policy of not paying
7    employees all rest period premiums when they failed to provide them with compliant rest periods.
8    Because of this practice and/or policy, Plaintiff and Class Members have not received premium pay
9    for all missed rest periods.

10   **Failure to Timely Pay Wages During Employment**

11       58.    At all times relevant to this Class Action Complaint, Defendants failed to pay Plaintiff
12   and Class Members all wages due to them, within any time period specified by California Labor Code
13   section 204, including, but not limited to: overtime and double-time wages; minimum wages; and meal
14   and rest period premium wages.

15   **Failure to Timely Pay Final Wages Upon Termination**

16       59.    Defendants have a company-wide practice or policy of not paying departing employees
17   their final wages on their last day of employment or within seventy-two (72) hours of resigning without
18   prior notice, instead of abiding by the time requirements required by California Labor Code sections
19   201 and 202. Thus, Defendants failed to timely pay Plaintiff's and Class Members' owed wages within
20   the required time limit, in violation of California Labor Code section 201.

21       60.    Additionally, Defendants willfully failed to pay Plaintiff and Class Members who are
22   no longer employed by Defendants all their earned wages either at the time of discharge, or within
23   seventy-two (72) hours of their leaving Defendants' employ in violation of California Labor Code
24   sections 201, 202, and 203, including, but not limited to: overtime and double-time wages; minimum
25   wages; and meal and rest period premium wages.

26   **Failure to Reimburse Business Expenses**

27       61.    Defendants had, and continue to have, a company-wide policy and/or practice of not
28   reimbursing employees for expenses necessarily incurred, in violation of California law.

62.    First, at all times relevant time to this Class Action Complaint, Defendants failed to provide Plaintiff and Class Members with adequate supplies/uniforms for the tasks Defendants required them to perform. Instead, Defendants required Plaintiff and Class Members to pay out-of-pocket for some of their uniform expenses including but not limited to weatherproof overalls, plastic boots, and gloves. Plaintiff and Class Members regularly worked in wet, humid, and often muddy ground conditions which required them to use this protective equipment. Defendants however did not provide these uniforms/supplies to employees and instead required Plaintiff and Class Members to purchase these on their own without reimbursement for this expense in violation of California law.

63.    Defendants could have provided Plaintiff and Class Members with the actual supplies for use on the job, including weatherproof overalls, plastic boots, and gloves for fulfilling work-related tasks, or could have reimbursed employees for these expenses. Instead, Defendants required workers to bear the burden of these expenses without reimbursement in violation of California law.

## FIRST CAUSE OF ACTION

### Failure to Pay Minimum Wages

**[Cal. Labor Code, §§ 1182.12, 1194, 1194.2, 1194.5, 1197, 1198;**

**IWC Wage Order No. 14-2001, § 4]**

**(Against All Defendants and DOES 1-10)**

64.    Plaintiff on behalf of himself and Class Members re-alleges and incorporates by reference all previous paragraphs of this Class Action Complaint.

65.    California Labor Code section 1198 makes unlawful the employment of an employee under conditions the IWC prohibits.

66.    California Labor Code sections 1182.12, 1194, and 1197, and IWC Wage Order No. 14-2001, section (4), make it unlawful for employers to pay hourly, non-exempt employees less than the minimum wage fixed by California law.

67.    California Labor Code sections 1194, subdivision (a), and 1194.2, subdivision (a), provide that an employer that fails to pay its employees the legal minimum wage is liable to pay those employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount equal to the wages unpaid and interest thereon.

CLASS ACTION COMPLAINT

68. At all times relevant time to this Class Action Complaint, Defendants failed to pay minimum wage to Plaintiff and Class Members as required by California Labor Code sections 1182.12, 1194, 1197, and 1198, by having followed and by continuing to follow a policy and practice of failing to pay Plaintiff and Class Members at or above the California minimum wage for many hours worked by Plaintiff and Class Members, including but not limited to: hours Defendants required, permitted, or suffered Plaintiff and Class Members to work off the clock including work time spent completing pre and post-shift duties; time spent traveling to and from exact work locations that was not compensated; hours that Defendants altered or removed from time records; and hours Defendants required, permitted, or suffered Plaintiff and Class Members to work through unpaid breaks.

69. At all times relevant to this Class Action Complaint, Defendants knowingly and willfully failed to pay minimum wages as required by California law.

70. As a direct and proximate result of Defendants' failure to pay minimum wages as required by California law, Plaintiff and Class Members sustained damages.

71. Pursuant to California Labor Code sections 1194, 1194.2, and 1197, Plaintiff and Class Members are entitled to recover from the Defendants the unpaid balance of their minimum wage compensation not paid to them by Defendants, as well as interest, costs, attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

### SECOND CAUSE OF ACTION

**Failure to Pay Overtime Wages**

**[Cal. Labor Code, §§ 1194 and 1198; IWC Wage Order No. 14-2001, § 3]**

**(Against All Defendants and DOES 1-10)**

72. Plaintiff on behalf of himself and Class Members re-alleges and incorporates by reference all previous paragraphs of this Class Action Complaint.

73. California Labor Code section 1198 makes unlawful the employment of an employee under conditions the IWC prohibits.

74. IWC Wage Order No. 14-2001, section (3), makes it unlawful for employers to employ individuals in agricultural occupations without compensating them at minimum wage for all hours worked and at their applicable overtime rate of pay for all overtime hours worked.

17.

75.     IWC Wage Order No. 14-2001, section (3), provides that employers must compensate hourly, non-exempt employees with overtime compensation paid at one and-one-half times the employee's regular hourly rate for hours worked in excess of ten (10) hours per day or sixty (60) hours per week or for the first eight (8) hours worked on the seventh day of work, and overtime compensation paid at twice the employee's regular hourly rate for hours worked in excess of eight (8) hours in a day on the seventh day of work.

76.     IWC Wage Order No. 14-2001, section (3), also provides that for employers of more than twenty-five (25) employees, starting January 1, 2019, an employee shall not be employed more than nine and one-half (9.5) hours per workday or fifty-five (55) hours per workweek unless the employee receives one and one-half (1.5) times such employee's regular rate of pay for all hours worked over nine and one-half (9.5) hours in any one workday or more than fifty-five (55) hours in any one workweek. In addition, Section 3 provides that for employers of more than twenty-five (25) employees, starting January 1, 2020, an employee shall not be employed more than nine (9.0) hours per workday or fifty (50) hours per workweek unless the employee receives one and one-half (1.5) times such employee's regular rate of pay for all hours worked over nine (9.0) hours in any one workday or more than fifty (50) hours in any one workweek. Moreover, Section 3 provides that for employers of more than twenty-five (25) employees, starting January 1, 2021, an employee shall not be employed more than eight and one-half (8.5) hours per workday or forty-five (45) hours per workweek unless the employee receives one and one-half (1.5) times such employee's regular rate of pay for all hours worked over eight and one-half (8.5) hours in any one workday or more than forty-five (45) hours in any one workweek. Lastly, Section 3 provides that for employers of more than twenty-five (25) employees, starting January 1, 2022, an employee shall not be employed more than eight (8.0) hours per workday or forty (40) hours per workweek unless the employee receives one and one-half (1.5) times such employee's regular rate of pay for all hours worked over eight (8.0) hours in any workday or more than forty (40) hours in any workweek and double the employee's regular rate of pay for all hours worked over twelve (12) hours in any one workday.

77.     California Labor Code section 1194, subdivision (a), entitles an employee to recover in a civil action the unpaid balance of all overtime compensation due but unpaid.

18.

CLASS ACTION COMPLAINT

78.     At all times relevant to this Class Action Complaint, Plaintiff and Class Members are current and former hourly, non-exempt employees in agricultural occupations entitled to the protections of California Labor Code sections 1194 and IWC Wage Order No. 14-2001.

79.     At all times relevant to this Class Action Complaint, Plaintiff and the Class Members regularly worked overtime hours on a daily and weekly basis.

80.     At all times relevant to this Class Action Complaint, Defendants failed to pay overtime wages to Plaintiff and Class Members as required by the California Labor Code and IWC Wage Order No. 14-2001, section (3), by having followed and by continuing to follow a policy and practice of failing to pay Plaintiff and Class Members at or above the applicable overtime and double-time rate required under California law for many hours worked by Plaintiff and Class Members, including but not limited to: overtime hours that were paid at Plaintiff's and Class Members' regular hourly rate; hours Defendants required, permitted, or suffered Plaintiff and Class Members to work off the clock including work time spent completing pre and post-shift duties; time spent traveling to and from exact work locations that was not compensated; hours that Defendants altered or removed from time records; and hours Defendants required, permitted, or suffered Plaintiff and Class Members to work through unpaid breaks.

81.     Defendants committed and continue to commit the acts alleged in this Class Action Complaint knowingly and willfully.

82.     As a direct and proximate result of Defendants' failure to pay overtime wages as required by California law, Plaintiff and Class Members sustained damages.

83.     Pursuant to California Labor Code section 1194, subdivision (a), Plaintiff and Class Members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## THIRD CAUSE OF ACTION

### Failure to Pay Premium Pay for Non-Compliant Meal Periods

**[Cal. Labor Code, §§ 226.7 and 512, subd. (a); IWC Wage Order No. 14-2001, § 11]**

### (Against All Defendants and DOES 1-10)

84.     Plaintiff on behalf of himself and Class Members re-alleges and incorporates by

19.

1    reference all previous paragraphs of this Class Action Complaint.

2        85.    California Labor Code section 1198 makes unlawful the employment of an employee

3    under conditions the IWC prohibits.

4        86.    California Labor Code section 226.7, subdivision (b), makes it unlawful for employers

5    to require hourly, non-exempt employees to work during any meal period mandated by an applicable

6    IWC Order.

7        87.    California Labor Code section 512, subdivision (a), and IWC Wage Oder No. 14,

8    section (11), subdivision (A), makes it unlawful for an employer to require, cause or permit an hourly-

9    paid, non-exempt employee to work for a work period of more than five (5) hours per day without

10    providing the employee with a meal period of not less than thirty (30) minutes, except that when the

11    total work period per day of the employee is no more than six (6) hours the meal period may be waived

12    by mutual consent of both the employer and employee.

13        88.    California Labor Code section 512, subdivision (a), and IWC Wage Order No. 14,

14    section (11), subdivision (B), also make it unlawful for an employer, like Defendants, to require, cause,

15    or permit an employee to work for a work period of more than ten (10) hours per day without providing

16    the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that

17    when the total hours worked is no more than twelve (12) hours, the second meal period may be waived

18    by mutual consent of the employer and the employee but only if the first meal period was not waived

19    by the employee.

20        89.    Pursuant to California Labor Code section 226.7, subdivision (c), if an employer fails

21    to provide an employee a meal period as required, the employer must pay the employee one hour of

22    pay at the employee's regular rate of compensation for each workday that a meal period is not provided

23    as required.

24        90.    At all times relevant to this Class Action Complaint, Defendants failed to provide

25    Plaintiff and the Class Members with a 30-minute, duty-free meal period for every five hours of work.

26    Employees routinely missed meal periods or had late, short, or interrupted meal periods due to a heavy

27    workload, insufficient staffing, and instructions from supervisors to cut their meal periods short. In

28    addition, Defendants required that employees fill out their timecards at the end of the day to reflect an

exact thirty (30) minute meal break, even when employees were not able to take compliant meal periods or any meal periods at all. This *de facto* auto-deduct policy instituted by Defendants created the false appearance that compliant meal periods were taken when they were not. Further, Defendants did not provide Plaintiff and Class Members with second 30-minute meal periods on days that they worked in excess of ten (10) hours in one day.

91.    At all times relevant to this Class Action Complaint, Defendants failed to pay Plaintiff and Class Members meal period premium pay due for non-compliant meal periods, pursuant to California Labor Code section 226.7, subdivision (c).

92.    At all times relevant to this Class Action Complaint, Defendants knowingly and willfully failed to pay Plaintiff and Class Members premium pay for non-compliant meal periods as required by California law.

93.    As a direct and proximate result of Defendants' failure to pay premium pay for non-compliant meal periods as required by California law, Plaintiff and Class Members sustained damages.

94.    Pursuant to California Labor Code section 226.7, subdivision (c), and IWC Wage Order No. 14-2001, section (11), Plaintiff and Class Members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each workday that a compliant meal period was not provided.

## FOURTH CAUSE OF ACTION

### Failure to Pay Premium Pay for Non-Compliant Rest Periods

### [Cal. Labor Code, § 226.7; IWC Wage Order No. 14-2001, § 12]

### (Against All Defendants and DOES 1-10)

95.    Plaintiff on behalf of himself and Class Members re-alleges and incorporates by reference all previous paragraphs of this Class Action Complaint.

96.    California Labor Code section 1198 makes unlawful the employment of an employee under conditions the IWC prohibits.

97.    California Labor Code section 226.7, subdivision (b), prohibits an employer from requiring an employee to work during any rest break mandated by an applicable Industrial Wage Order.

98.    IWC Wage Order No. 14-2001, section (12), requires employers to authorize and permit employees who work three and one half or more hours in a day to take a paid rest period of at least 10 minutes for every four hours worked or major fraction thereof, which insofar as practicable shall be in the middle of each work period.

99.    Pursuant to California Labor Code section 226.7, subdivision (c), if an employer fails to provide an employee a rest period as required, then the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday that a rest period is not provided as required.

100.    At all times relevant to this Class Action Complaint, Defendants required Plaintiff and Class Members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked or major fraction thereof in violation of California law.

101.    At all times relevant to this Class Action Complaint, Defendants did not provide Plaintiff and Class Members with a duty-free rest period of at least 10 minutes for every four hours of work or major fraction thereof. Plaintiff and Class Members were unable to take compliant rest periods for the same reasons they could not take compliant meal periods. Additionally, when Plaintiff and Class Members worked more than ten (10) hours in a day, Plaintiff and Class Members were not provided with a third rest period.

102.    At all times relevant to this Class Action Complaint, Defendants knowingly and willfully failed and continue to fail to pay Plaintiff and Class Members premium pay for non-compliant rest periods as required by California law.

103.    As a direct and proximate result of Defendants' failure to pay premium pay for nom-compliant rest periods as required by California law, Plaintiff and Class Members sustained damages.

104.    Pursuant California Labor Code section 226.7, subdivision (c), and IWC Wage Order 14-2001, section (12), Plaintiff and Class Members are entitled to recover from Defendants one additional hour of pay at the employee's regular hourly rate of compensation for each work day that a compliant rest period was not provided.

//

CLASS ACTION COMPLAINT

1

## FIFTH CAUSE OF ACTION

### Failure to Pay All Wages When Due

### [Cal. Labor Code, § 204]

### (Against All Defendants and DOES 1-10)

105.    Plaintiff on behalf of himself and Class Members re-alleges and incorporates by reference all previous paragraphs of this Class Action Complaint.

106.    California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

107.    California Labor Code section 204 further provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

108.    California Labor Code section 204 additionally provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

109.    At all times relevant to the Class Action Complaint, Defendants intentionally and willfully failed to pay Plaintiff and Class Members all wages due to them, within any time period required by California Labor Code section 204.

110.    As a direct and proximate result of Defendants' failure to pay Plaintiff and Class Members all wages when due, Plaintiff and Class Members sustained damages.

111.    Plaintiff and Class Members are entitled to recover from Defendants unpaid wages and lost interest, in an amount to be established at trial, economic and statutory damages and penalties, and other appropriate relief.

//

//

//

23.

## SIXTH CAUSE OF ACTION

### Failure to Pay All Wages Due to Discharged and Quitting Employees

### [Cal. Labor Code, §§ 201, 202, and 203]

### (Against All Defendants and DOES 1-10)

112.    Plaintiff on behalf of himself and Class Members re-alleges and incorporates by reference all previous paragraphs of this Complaint.

113.    California Labor Code sections 201 and 202 provide that if an employer discharges an employee, then the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

114.    California Labor Code section 203 provides that if an employer willfully fails to pay wages owed in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced, but the wages shall not continue for more than thirty (30) days.

115.    The unpaid wages owed to Plaintiff and Waiting Time Subclass Members at the time of termination of their employment include unpaid regular, overtime, and double-time wages and premium wages for non-compliant meal and rest periods, as set forth in this Class Action Complaint.

116.    By failing to compensate Plaintiff and Waiting Time Subclass Members upon separation, including but not limited to Defendants' failure to properly pay Plaintiff and Class Members wages for all hours worked when due, overtime wages, double-time wages, minimum wages, and premium pay for non-compliant meal and rest periods, Defendants have willfully failed and continue to fail to pay all accrued wages and other compensation to Plaintiff and Waiting Time Subclass Members in accordance with California Labor Code sections 201 and 202.

117.    As a direct and proximate result of Defendants' failure to pay all wages due upon separation, Plaintiff and Waiting Time Subclass Members have suffered damages.

118.    Plaintiff and Waiting Time Subclass Members are entitled to recover from Defendants

24.

1   the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant

2   to California Labor Code section 203.

### SEVENTH CAUSE OF ACTION

#### Failure to Indemnify Employees for Necessary Expenditures

#### [Cal. Labor Code § 2802; IWC Wage Order No. 14-2001, § 9]

#### (Against All Defendants and DOES 1-10)

7   119.    Plaintiff on behalf of himself and Class Members re-alleges and incorporates by

8   reference all previous paragraphs of this Class Action Complaint.

9   120.    California Labor Code sections 2802, subdivision (a), requires employers to reimburse

10  their employees for all necessary expenditures incurred by the employee in direct consequence of the

11  discharge of their job duties or in direct consequence of their job duties or in direct consequence of

12  their obedience to the directions of the employer.

13  121.    IWC Wage Order 14-2001, section (9), subdivision (B), provides that when tools,

14  supplies, or equipment are necessary to the performance of a job, such tools, supplies or equipment

15  shall be provided and maintained by the employer.

16  122.    Defendants have failed and continue to fail to provide Plaintiff and Class Members all

17  tools, supplies and equipment necessary to perform their job duties including, but not limited to,

18  weatherproof overalls, plastic boots, and gloves.

19  123.    By requiring Plaintiff and Class Members to pay for work-related expenses without

20  reimbursement, Defendants, pursuant to their policy and practice, have violated and continue to violate

21  California Labor Code section 2802 and IWC Wage Order 14-2001, section (9).

22  124.    Defendants have intentionally and willfully failed to reimburse Plaintiff and Class

23  Members for all necessary work-related expenses and costs.

24  125.    As a direct and proximate result of Defendants' failure reimburse Plaintiff and Class

25  Members for all necessary work-related expenses and costs as required by California law, Plaintiff

26  and Class Members sustained damages.

27  126.    Plaintiff and Class Members are entitled to recover from Defendants their work-related

28  expenses and costs incurred during the course and scope of their employment plus interest accrued

1  from the date on which the employee incurred the necessary expenditures at the same rate as judgments

2  in civil actions in the State of California. Plaintiff and Class Members are also entitled to attorney's

3  fees incurred by them in enforcing their rights under California Labor Code section 2802.

### EIGHTH CAUSE OF ACTION

**Unfair and Unlawful Business Practices**

**[Cal. Business & Professions Code, §§ 17200 et seq.]**

**(Against All Defendants and DOES 1-10)**

8      127.    Plaintiff on behalf of himself and Class Members re-alleges and incorporates by

9  reference all previous paragraphs of this Class Action Complaint.

10      128.    As alleged in this Class Action Complaint, Defendants' conduct, has been, and

11  continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, and to the general

12  public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of

13  Code of Civil Procedure section 1021.5.

14      129.    As alleged in this Class Action Complaint, Defendants' actions violate California law

15  and constitute unlawful business acts and practices in violation of California Business & Professions

16  Code sections 17200 et seq.

17      130.    A violation of California Business & Professions Code section 17200 et seq. may be

18  predicated on the violation of any state or federal law. In the present case, Defendants' policy and

19  practice of not paying all regular, overtime, and double-time wages due to Plaintiff and Class Members

20  violates California Labor Code sections 1194 and 1198; Defendants' policy and practice of requiring

21  Plaintiff and Class Members to work through their meal and rest periods without paying them proper

22  compensation violates California Labor Code sections 226.7 and 512, subdivision (a); Defendants'

23  policy of not timely paying Plaintiff and Class Members, all wages due to them during their

24  employment violates California Labor Code section 204; Defendants' policy and practice of not timely

25  paying all wages owed to Plaintiff and Class Members upon resignation or termination violates

26  California Labor Code sections 201, 202, and 203; and Defendants' policy and practice of not fully

27  reimbursing Plaintiff and Class Members for necessary work-related expenses and costs incurred

28  during their employment violates California Labor Code sections 2800 and 2802. As alleged in this

Complaint, Defendants' unlawful business acts and practices, involve, but not necessarily limited to the loss of money and/or property.

131.    Plaintiff and Class Members have been personally injured. Pursuant to California Business & Professions Code sections 17200 et seq., Plaintiff and the Class Members are entitled to restitution from Defendants of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## REQUEST FOR A JURY TRIAL

132.    Plaintiff, on behalf of himself, and similarly situated hourly, non-exempt employees in agricultural occupations currently or formerly employed in California by Defendants, hereby demand a jury trial on all causes of action and claims so triable.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and all other members of the general public similarly situated prays for relief and judgment against Defendants, as follows:

1.    For certification of the proposed Class and Waiting Time Subclass and any other appropriate subclasses under California Code of Civil Procedure section 382.

2.    For appointment of Blas Trujillo as the class representative.

3.    For appointment of Macias Rodriguez LLP as class counsel for all purposes.

4.    For compensatory damages in an amount according to proof at trial.

5.    For an award of damages in the amount of unpaid compensation, including but not limited to, unpaid wages, benefits, and penalties.

6.    For economic and/or special damages in an amount according to proof at trial.

7.    For liquidated damages under Labor Code section 1194.2.

8.    For statutory penalties to the extent permitted by law, including those under the Labor Code and IWC Wage Orders.

9.    For injunctive relief, as provided by the Labor Code and Business and Professions Code

27.

sections 17200 et seq. More specifically, California Labor Code section 1194.5 authorizes injunctions where an employer has willfully violated laws governing wages, hours, or working conditions.

10.    For restitution as provided by Business and Professions Code sections 17200 et seq.

11.    For an order requiring Defendants to restore and disgorge all funds to each employee acquired using any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code sections 17200 et seq.

12.    For pre-judgment interest.

13.    For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including, but not limited to, Code of Civil Procedure section 1021.5 and Labor Code section 1194.

14.    For such other relief as the Court deems just and proper.

Dated: May 15, 2020

JOSE MACIAS, JR.
HECTOR RODRIGUEZ
TRAVIS M. ADAMS
MACIAS RODRIGUEZ LLP
Attorneys for Plaintiffs

CLASS ACTION COMPLAINT

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, ADDRESS, PHONE, BAR NUMBER) | FOR COURT USE ONLY |
|---|---|
| **COURT GENERATED** | FILED |
| Attorney for: PLAINTIFF | MAY 15 2020 |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS**<br>Street Address:   City Towers Bldg., 801 10th St, 4th Floor, Modesto, CA 95354<br>Civil Clerk's Office:  801 10th Street, 4th Floor, Modesto, CA  95354 | CLERK OF THE SUPERIOR COURT<br>COUNTY OF STANISLAUS<br>BY_____ DEPUTY |
| Plaintiff/Petitioner: BLAS TRUJILLO, et al<br>Defendant/Respondent: PLANASA LLC, et al | |
| NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER  CV-20-002338 |

1.  NOTICE is given that a Case Management Conference has been scheduled as follows:

Date: 09/21/2020  Time: 3:00PM

This case is assigned to Judge SILVEIRA, MARIE SOVEY , Dept. 21 , for all purposes, including trial,

  *Departments 21 & 22 are located at 801 10th Street, 6th Floor, Modesto, CA 95354
  *Departments 23 & 24 are located at 801 10th Street, 4th Floor, Modesto, CA  95354
  **All filings shall be filed in the Clerk's Office at the City Towers, 4th Floor address.**
......................................................................................................................................
......

  You have 30 calendar days to file a written response with this court after the legal papers and the summons
  were served on you.  You must also serve a copy of your written response on the plaintiff.

2.  You must file and serve a completed *Case Management Conference Statement* at least fifteen (15) calendar
days before the case management conference.

3.  You must be familiar with the case and be fully prepared to participate effectively in the case management
conference.

4.  At the case management conference the Court may make pretrial orders, including the following:
  a.  An order establishing a discovery schedule.
  b.  An order referring the case to arbitration.
  c.  An order dismissing fictitious defendants.
  d.  An order scheduling exchange of expert witness information.
  e.  An order setting subsequent conferences and the trial date.
  f.  Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Date: MAY 15 2020        by _____                Deputy Clerk
Mandatory Form                          MOUANG SAECHAO

| | |
|---|---|
| CV003 | **--SANCTIONS--**<br>If you do not file the *Case Management Statement* required by local rule, or attend the case<br>management conference or participate effectively in the conference, the court may impose<br>sanctions (including dismissal of the case, striking of the answer, and payment of money). | 11/10 |

Rule 3.110 of the California Rules of Court.

Time for Service of Complaint, Cross-Complaint, and Response

(a) [Application] This rule applies to the service of pleadings in civil cases except for collection cases under Rule 3.740 (a), Unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law.

(b) [Service of complaint] The complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint. When the complaint is amended to add a defendant, the added defendant must be served and proof of service must be filed within 30 days after the filing of the amended complaint.

(c) [Service of cross-complaint] A cross-complaint against a party who has appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed. If the cross-complaint adds new parties, the cross-complaint must be served on all parties and proofs of service on the new parties must be filed within 30 days of the filing of the cross-complaint.

(d) [Timing of responsive pleadings] The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint.

(e) [Modification of timing: application for order extending time] The court, on its own motion or on the application of a party, may extend or otherwise modify the times provided in (b) - (d). An application for a court order extending the time to serve a pleading must be filed before the time for service has elapsed. The application must be accompanied by a declaration showing why service has not been completed, documenting the efforts that have been made to complete service, and specifying the date by which service is proposed to be completed.

(f) [Failure to serve] If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an Order to Show Cause why sanctions shall not be imposed.

(g) [Request for entry of default] If a responsive pleading is not served within the time limits specified in this rule and no extension of time has been granted, the plaintiff must file a request for entry of default within 10 days after the time for service has elapsed. The court may issue an Order to Show Cause why sanctions should not be imposed if the plaintiff fails to timely file the request for the entry of default.

(h) [Default judgment] When a default is entered, the party who requested the entry of default must obtain a default judgment against the defaulting party within 45 days after the default was entered, unless the court has granted an extension of time. The court may issue an Order to Show Cause why sanctions should not be imposed if that party fails to obtain entry of judgment against a defaulting party or to request an extension of time to apply for a default judgment within that time.

(i) [Order to Show Cause] Responsive papers to an Order to Show Cause issued under this rule must be filed and served at least 5 calendar days before the hearing.

Alternative Dispute Resolution (ADR) Program Information Packet

# ALTERNATIVES TO TRIAL

NOTE: The plaintiff must serve a copy of the ADR Information Packet on each defendant along with the complaint (CRC 3.221 (c )

Superior Court, Modesto, County of Stanislaus

# ADR INTRODUCTION

Did you know that most Civil lawsuits settle without a trial?

Did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as Alternative Dispute Resolution (ADR). The most common forms of ADR are Mediation and Arbitration. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# ADVANTAGES OF ADR

ADR can have a number of advantages over a lawsuit.

- ADR can save time. A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- ADR can save money. Court costs, attorney fees, and expert fees can be saved.
- ADR can be cooperative. This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.
- ADR can reduce stress. There are fewer, if any, court appearances. ADR can be speedier, and save money and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.
- ADR encourages participation. The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.
- ADR is flexible. The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.
- ADR can be more satisfying. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Superior Court, Stanislaus offers all parties the opportunity to voice their satisfaction/dissatisfaction by completing an exit survey.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

# DISADVANTAGES OF ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an Appellate court.

1 - 10/12/2010

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.
- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# PROGRAM ASSISTANCE

**CRLA (California Rural Legal Assistance)**

Superior Court, Stanislaus and our local CRLA Office works with the court to provide information and education to proper patrons of the Court who are, or desire to be, parties in landlord/tenant and other housing matters. These matters also include Small Claims Court.

**PROJECT SENTINEL**

Superior Court, Stanislaus and Project Sentinel work out of our Self Help Center on Fridays and also assist with Dispute Resolution Programs Act (DRPA) and Small Claims questions.

# WORKSHOPS

## PARENTAGE WORKSHOP

This workshop is for parents who are not married to the other parent and wish to start a case for custody, visitation and child support. The workshop will last approximately 3 hours and will be held every **Monday morning.** **Attendees must arrive and sign in by 8:30 a.m. to attend workshop.**

**BRING WITH YOU:**
- Children's names, dates of birth, and all addresses where they have lived for the last 5 years.
-

## DIVORCE, LEGAL SEPARATION OR ANNULMENT WORKSHOP

This workshop is for those wishing to file for divorce, legal separation or an annulment. The workshop will last approximately 3 hours and will be held every **Tuesday morning.** **Attendees must arrive and sign in by 8:30 a.m. to attend workshop.**

**BRING WITH YOU:**
- Children's names, dates of birth, and all addresses where they have lived for the last 5 years.
- List of all debts or property, whether in your name alone, your spouse's name, or both your names.
-

## ORDER TO SHOW CAUSE WORKSHOP

This workshop is for parties who have an existing action for Divorce/Legal Separation, Paternity or Department of Child Support Services and want to request a hearing for custody and visitation orders or support orders. The workshop will last approximately 3 hours and held every **Wednesday morning.** **Attendees must arrive and sign in by 8:30 a.m. to attend workshop.**

**BRING WITH YOU:**

Copies of all documents filed with the court, including all current orders for custody/visitation and child/spousal support.

## GUARDIANSHIP WORKSHOP

This workshop is for those wishing to start a case to obtain custody of a minor other than their own child. The workshop will last approximately 2 hours and will be held every **Wednesday afternoon. Attendees must arrive and sign in by 1:30 p.m. to attend workshop.**

## DEFAULT JUDGMENT WORKSHOP

This workshop is for those who have filed for Divorce, Legal Separation or Annulment and at least thirty (30) days have passed since the other party was served, no Response was filed <u>and</u> the Request for Default has been filed. The workshop will last approximately 3 hours and held every **Thursday morning. Attendees must arrive and sign in by 8:30 a.m. to attend workshop.**

<u>BRING WITH YOU</u>:
- Copies of all documents filed with the court, including all current orders for custody/visitation and child/spousal support
- Copy of the **Schedule of Assets and Debts (Form FL-142)**
- 2 envelopes with postage, 1 addressed to you and 1 addressed to the other party.
- Enough change to make your own copies.

**IMPORTANT:** You <u>must have already filed</u> a Proof of Service of Summons (FL-335), Request to Enter Default (FL-165), Income and Expense Declaration (FL-150), Schedule of Assets and Debts (FL-142), and Declaration Regarding Service of Disclosures (FL-341) with the Clerks' office prior to attending this class.

## OPEN CLINIC

This workshop is for those individuals who are unable to attend any of the scheduled workshops, or have other legal matters not covered by workshops, or would like assistance with the completion of court forms and/or instructions on the "next step" in their legal proceeding. This workshop is held every **afternoon Monday thru Thursday.**

<u>BRING WITH YOU</u>:
- Copies of all documents filed with the court
- Enough change to make your own copies

## MEDIATION GUIDELINES
### (For inclusion in ADR Packet)

**Before the CMC (Case Management Conference)**

All parties are required to meet-and-confer with the opposing side before the CMC pursuant to California Rule of Court 212(f). Alternative dispute resolution is discussed. If parties agree to mediation they must stipulate to mediation by filling out a STAN-100 (attached).

**At the CMC (Case Management Conference), the judge will determine if case is suitable for Voluntary Mediation.**

- All parties must be prepared to discuss Alternative Dispute Resolution at the CMC. The judge may order case into Judicial Arbitration. If parties agree to participate in Voluntary Mediation in lieu of Judicial Arbitration, the court will have available the ADR Packet which includes attached guidelines and our Local Stipulation and Order to ADR form

**Selecting a Mediator**

- When parties agree to participate in mediation they must also agree to the mediator. You may select a mediator from the court provided panel list (attached and available on the court website http://www.stanct.org/Content.aspx?page=adr_info_mediation_panel
- Contact the mediator and get his or her signature on the STAN-100 form before it is filed. Don't forget both parties must sign the Stipulation form
- If the opposing party wishes, you may request the court randomly select a mediator for your case, by indicating on the STAN-100 form

**Filing the STAN-100 form**

- You have **25 days** to select a mediator and return the STAN-100 form with $400 ($200 for each side to the party)
- Cases <u>cannot</u> be entered into the Court's Voluntary Mediation program after this date.

**Completing Mediation**

- If you selected your own mediator set up mediation as soon as possible. A mediator might not be able to schedule the mediation for a few weeks or even months. You must complete mediation at least **60 days** before trial. If the mediation is not completed before that time sanctions may be imposed.
- Once you have scheduled the mediation date fill; out and return a STAN-220, Notice of Date, Time and Place of Mediation (attached) and return it to the ADR program office.
- <u>ATTEND AND COMPLETE MEDIATION</u> at least **60 days** before trial. Contact the mediator before the mediation for any special instructions. The mediator may ask you to bring special documents

**After Mediation**

- After mediation the mediator may provide you with an evaluation nof the mediation process. These are evaluations from which go to the ADR program Administrator, for the courts information. Do not include any confidential information, or information regarding what went on during the mediation.

STAN-100

| ATTORNEY FOR PLAINTIFF *(name, bar card, and address)*: | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: | |

**SUPERIOR COURT OF CALIFORNIA, STANISLAUS COUNTY**
 MAILING ADDRESS: **801 10TH STREET, 4TH FLOOR**
 CITY AND ZIP CODE: **MODESTO, CA 95354**
 BRANCH NAME: **MODESTO**

| **STIPULATION AND ORDER TO ADR** | |
|---|---|
| CASE NAME: | CASE NUMBER: |

The parties or by and through their attorneys' of record stipulate that the claims in this action shall be submitted to the following alternative dispute resolution process:

☐ Voluntary Mediation      ☐ Private Arbitration
☐ Private Mediation        ☐ Voluntary Mediation in lieu of
☐ Judicial Arbitration       Judicial Arbitration

---

**This box is to be filled out for Voluntary Mediation and Neutral Evaluation only.**

☐ In accordance with Stanislaus County Rule of Court 3.10(D)(4) and 3.11(C)(2) this form must be signed by the agreed upon mediator. If both parties agree the court will select a mediator for the case.

☐ It is Stipulated that_____(Name of mediator) shall serve as the neutral for this case.

_____      _____
Signature of Mediator                      Date

☐ It is Stipulated that the Court select a mediator for this case.

**For Voluntary Mediation this form must be completed and returned with $400 ($200 from the plaintiffs and $200 from the defendants).**

---

► _____      ► _____
SIGNATURE                        DATE          SIGNATURE                        DATE

_____      _____
PLAINTIFF OR PLAINTIFF'S ATTORNEY          DEFENDANT OR DEFANDANT'S ATTORNEY

February 27, 2018                    **STIPULATION AND ORDER TO ADR**
(Mandatory)

STAN-220

| *Name and Address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:

E-MAIL ADDRESS *(Optional)*:                           FAX NO. *(Optional)*:

**SUPERIOR COURT OF CALIFORNIA, STANISLAUS COUNTY**
MAILING ADDRESS:  801 10TH STREET, 4TH FLOOR
CITY AND ZIP CODE:  MODESTO, CA 95354
BRANCH NAME:  MODESTO

CASE NAME:

| **NOTICE OF DATE, TIME AND PLACE OF MEDIATION** | CASE NUMBER: |
|---|---|

All parties to this case are notified that this matter has been set for Mediation on

_____, 20___, at the hour of _____, at this address:

_____

_____

_____


Date: _____          Signature: _____

                                        Print Name: _____

STAN-220

| *Name and Address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:

E-MAIL ADDRESS *(Optional)*:          FAX NO. *(Optional)*:

**SUPERIOR COURT OF CALIFORNIA, STANISLAUS COUNTY**
MAILING ADDRESS:  **801 10TH STREET, 4TH FLOOR**
CITY AND ZIP CODE:  **MODESTO, CA 95354**
BRANCH NAME:  **MODESTO**

CASE NAME:

| **NOTICE OF DATE, TIME AND PLACE OF MEDIATION** | CASE NUMBER: |
|---|---|

All parties to this case are notified that this matter has been set for Mediation on

_____, 20___, at the hour of _____, at this address:

_____

_____

_____

Date: _____

Signature: _____

Print Name: _____

STAN-230

| MEDIATOR *(Name and Address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS *(Optional):*                    FAX NO. *(Optional):*

**SUPERIOR COURT OF CALIFORNIA, STANISLAUS COUNTY**
MAILING ADDRESS: **801 10TH STREET, 4TH FLOOR**
CITY AND ZIP CODE: **MODESTO, CA 95354**
BRANCH NAME: **MODESTO**

CASE NAME:

| **MEDIATOR'S REPORT** | CASE NUMBER: |
|---|---|

1. Mediation *(check one)*

   ☐ did not take place, because _____

   _____

   _____

   _____

   ☐ is continuing until _____

   ☐ took place on _____ and is completed.


2. The mediation ended in *(check one)*

   ☐ full agreement.

   ☐ partial agreement.

   ☐ no agreement.


_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF MEDIATOR)

_____
Date:

NOTE: Within 10 days of the end of the mediation process or by the ADR completion deadline set by the court, the mediator must forward a copy of this report to the ADR Clerk at the Stanislaus County Courthouse. Please do not include any confidential information on this form (see *Evidence Code* §1121).

July 1, 2006 (mandatory)                    **MEDIATOR'S REPORT**

# EXHIBIT B

1  JOSE MACIAS, JR. Bar No. 265033
   jose@maciasrodriguez.com
2  HECTOR J. RODRIGUEZ, Bar No. 305446
   hector@maciasrodriguez.com
3  TRAVIS M. ADAMS, Bar No. 303447
   travis@maciasrodriguez.com
4  **MACIAS RODRIGUEZ LLP**
   1550 The Alameda, Suite 332
5  San Jose, CA 95126
   Telephone:    408.455.1243
6
   Attorneys for Plaintiffs
7

Electronically Filed
7/13/2020 12:55 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Narelly Garcia, Deputy

8
9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                      **COUNTY OF STANISLAUS**

11

12  BLAS TRUJILLO and ALBERTO DE LA
    ROSA, as individuals, and on behalf of other
13  members of the general public similarly
    situated,
14
                    Plaintiffs,
15
         v.
16
    PLANASA, LLC, a Nevada Limited
17  Liability Company; PLANASA US
    HOLDINGS, LLC, a Nevada Limited
18  Liability Company; PLANASA-
    CALIFORNIA REO, LLC, a California
19  Limited Liability Company; NORCAL
    NURSERY, LLC, a California Limited
20  Liability Company; DOES 1 through 10,
    inclusive,
21
                    Defendants.
22
23
24
25
26
27
28

**Case No. CV-20-002338**

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**

1. Failure to Pay Minimum Wages (*Cal. Lab. Code, §§ 1194, 1194.2, 1197);*

2. Failure to Pay Overtime Wages (*Cal. Lab. Code, § 1194);*

3. Failure to Provide Compliant Meal Periods (*Cal. Lab. Code, §§ 226.7, 512*);

4. Failure to Provide Compliant Rest Periods (*Cal. Lab. Code, §§ 226.7*);

5. Failure to Pay All Wages Due to Discharged and Quitting Employees (*Cal. Lab. Code, §§ 201-203*);

6. Failure to Indemnify Employees for Necessary Expenditures (*Cal. Lab. Code, § 2802*);

7. Unfair Competition (*California Business & Professions Code, §§ 17200, et seq.*)

**JURY TRIAL DEMANDED**

1.

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs BLAS TRUJILLO and ALBERTO DE LA ROSA ("Plaintiffs"), as individuals, and on behalf of other members of the general public similarly situated, allege and complain as follows:

## INTRODUCTION

1.      Plaintiffs bring this class action for wage and hour claims on behalf of themselves, and all other similarly situated non-exempt hourly employees performing agricultural occupations currently or formerly employed in California by PLANASA, LLC, a Nevada Limited Liability Company; PLANASA US HOLDINGS, LLC, a Nevada Limited Liability Company; PLANASA-CALIFORNIA REO, LLC, a California Limited Liability Company; NORCAL NURSERY, LLC, a California Limited Liability Company; and DOES 1 through 10, inclusive, (hereinafter, "Defendants").

2.      At all times relevant to this First Amended Class Action Complaint (hereinafter, "FAC"), Defendants operated, leased, and/or owned land for the purpose of producing fruits and plants at various farm locations throughout California. Moreover, at all times relevant to this FAC, Defendants are and were employers covered by the California Labor Code and Industrial Welfare Commission Wage Order No. 14, Regulating Wages, Hours, and Working Conditions in Agricultural Occupations (hereinafter "Wage Order No. 14").

3.      Beginning at least four (4) years prior to the filing of this FAC and continuing through the present (the "Class Period"), Defendants have engaged in a systematic practice of unlawful wage theft, including but not limited to: (i) altering or condoning the alteration of time records to avoid paying Plaintiffs and other similarly situated hourly employees for time worked and for overtime premiums earned; (ii) failing to pay the appropriate overtime premium rate for hours worked in excess of ten (10) hours per day and sixty (60) hours per week; (iii) failing to incorporate all remunerations, including hourly nondiscretionary bonuses and/or incentive pay into the calculation of the regular rate of pay when calculating the overtime wage rate; (iv) requiring, suffering, or permitting Plaintiffs and other similarly situated hourly employees to work off the clock without compensation including time they spent performing pre-shift and post-shift duties; (v) failing to pay legally required premium wages when Defendants failed to provide Plaintiffs and other similarly situated hourly employees with complete, timely, and uninterrupted meal and rest periods, as required by California law; (vi) requiring

2.

Plaintiffs and other similarly situated hourly employees to incur necessary expenses without reimbursement; and (vii) failing to pay all wages upon separation of employment, among other violations of the California Labor Code and IWC Wage Order No. 14-2001.

4. On information and belief, Defendants had actual or constructive knowledge of the improprieties alleged in this FAC and intentionally refused to rectify their unlawful policies in order to perpetuate a systematic practice of unlawful wage theft.

5. At all times relevant to this FAC, Defendants' violations of the California Labor Code and Wage Order No. 14-2001 were willful, deliberate, and aimed at maximizing profit at the expense of its employees' rights. Moreover, Defendants, as the employers of Plaintiffs and all similarly situated hourly employees, were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions, as alleged in this FAC.

6. In view of Defendants' systematic practice of unlawful wage theft, Plaintiffs, on behalf of themselves, as individuals, and on behalf of all similarly situated current and former hourly employees performing agricultural occupations for Defendants during the applicable Class Period, seek compensatory, statutory, declaratory, and injunctive relief to compensate them and their fellow workers for the unpaid and underpaid wages that Defendants have stolen from them and to protect current and future employees from being subjected to similar wage theft and other unlawful working conditions.

## JURISDICTION AND VENUE

7. This FAC is brought pursuant to California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiffs, on behalf of themselves and other similarly situated non-exempt hourly employees performing agricultural occupations, exceed the minimal jurisdiction limits of the Superior Court of California and will be established according to proof at trial.

8. This Court has original jurisdiction over this FAC pursuant to California Constitution, Article VI, Section 10, which grants the Superior Court of California "original jurisdiction in all other causes" except those causes given by statute to other courts. The statutes under which this FAC is brought do not specify any other basis for jurisdiction.

3.

9.     On information and belief, this Court has personal jurisdiction over Defendants in this FAC because each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by California courts consistent with traditional notions of fair play and substantial justice. Further, no federal question is at issue because the Plaintiffs' claims arise under and are based solely on California law.

10.    Venue is proper in the County of Stanislaus pursuant to California Code of Civil Procedure section 395.5. Plaintiffs were employed and performed work for Defendants in the County of Stanislaus, California, during the time period relevant to this FAC. Moreover, Defendants maintain offices, have agents, and/or transact business in the County of Stanislaus.

**PARTIES**

11.    At all times relevant to this FAC, Plaintiff BLAS TRUJILLO resided in the County of Stanislaus, California. Plaintiff TRUJILLO was employed as a general field laborer by Defendants from April 2017 to October 19, 2017. Plaintiff TRUJILLO reported for work at Defendants' Turlock, California, location and worked in its surrounding field areas as instructed by Defendants.  He also worked at Defendants' Delhi, California location, as instructed by Defendants.  Plaintiff TRUJILLO's last rate of pay with Defendants was $11.50 per hour.

12.    At all times relevant to this FAC, Plaintiff ALBERTO DE LA ROSA resided in the County of Merced, California.  Plaintiff DE LA ROSA was employed as a general field laborer by Defendants from May 2014 to February 26, 2018.  He also reported for work at Defendants' Turlock, California, location and worked in its surrounding field areas as instructed by Defendants. Plaintiff DE LA ROSA also worked at Defendants' Salinas, California location, as instructed by Defendants. Plaintiff DE LA ROSA's last rate of pay with Defendants was $11.50 per hour.

13.    Plaintiffs TRUJILLO AND DE LA ROSA are informed and believe and thereon allege that all Defendants in this Class Action are part of a multinational horticultural company headquartered in Spain and operating under the name of "PLANASA."  This multinational company, and the California and Nevada entities that it owns and are named in this FAC, are engaged in operations involving nurseries, breeding and fruit production.  PLANASA, as a global entity, and in its various

4.

1  California operations, specializes in the production and breeding of different varietals of raspberries,

2  strawberries, blueberries, blackberries, endives, garlic and asparagus, among other plants.

3      14.    Plaintiffs are informed and believe and thereon allege that in or around April 2017,

4  PLANASA LLC purchased NORCAL NURSERY, INC, or a division thereof, and thereafter

5  proceeded to restructure and form NORCAL NURSERY, LLC, which has operations in Delhi,

6  California, and produces strawberry and raspberry plants.

7      15.    Plaintiffs are informed and believe and thereon allege Defendants PLANASA, LLC,

8  PLANASA US HOLDINGS, LLC, PLANASA-CALIFORNIA REO, LLC, and NORCAL

9  NURSERY, LLC regularly conduct business in the State of California and, at all relevant times to this

10  FAC, were engaged in agricultural operations in and around Stanislaus County, California, and

11  employed Plaintiffs and other aggrieved employees to perform work in agricultural occupations such

12  as field work, irrigation, planting, greenhouse work, pipe laying, and/or ranch work.

13      16.    Plaintiffs are unaware of the true names or capacities of the Defendants sued herein

14  under the fictitious names, DOES 1 through 10, inclusive, and therefore sue said Defendants under

15  such fictitious names. On information and belief, each of the DOE Defendants is liable for the unlawful

16  acts alleged in this FAC and proximately caused the injuries and damages to Plaintiffs and Class

17  Members prosecuting this FAC. Once Plaintiffs ascertain the true names and capacities of these DOE

18  Defendants, Plaintiffs will seek leave of court to file an amended FAC.

19      17.    At all times relevant to this FAC, Defendants were the "employer" of Plaintiffs within

20  the meaning of all applicable California laws and statutes.

21      18.    At all times relevant to this FAC, Defendants were subject to the California Labor Code

22  and IWC Wage Order 14-2001, because their employees worked in the County of Stanislaus and

23  throughout the State of California.

24      19.    At all times relevant to this FAC, each of the Defendants were the agents, partners,

25  joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-

26  conspirators and/or assigns, of each of the other Defendants.

27      20.    At all times relevant to this FAC, each of the Defendants were acting within the course

28  and scope of their authority as such agents, partners, joint venturers, joint employers, representatives,

5.

servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged in this FAC were committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each alleged DOE Defendant.

21.     Plaintiffs further allege Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiffs and Class Members so as to make each of the Defendants liable under the statutory provisions set forth in this FAC as joint employers.

## CLASS ACTION ALLEGATIONS

22.     Plaintiffs bring this action on their own behalf an on behalf of all other members of the general public similarly situated who were affected by Defendants' violations of the California Labor Code, Business and Professions Code section 17200, and IWC Wage Order No. 14-2001.

23.     All claims alleged in this FAC arise under California law for which Plaintiffs seek relief authorized by California law. Plaintiffs' proposed Class consists of and is defined as follows:

      a.     **Proposed Class**: All current or former hourly-paid or non-exempt employees in agricultural occupations who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment ("Class").

24.     Plaintiffs also seek to certify the following Subclass:

      a.     **Proposed Waiting Time Penalties Subclass**: All members of the Class who separated their working relationship from Defendants within three years prior to the filing of this action to the time the Subclass is certified ("Waiting Time Subclass").

25.     Plaintiffs reserve the right to seek leave of this Court to amend this FAC to plead additional subclasses or modify any Class or Subclass definition as Plaintiffs deem appropriate, based on their investigation, discovery, and specific theories of liability.

26.     Members of the Class and the Waiting Time Subclass described above will be collectively referred to as "Class Members" in this FAC.

27.     A well-defined community of interest in the litigation exists and the proposed Class

6.

and Subclass are readily ascertainable:

a.   **Numerosity**: The Class Members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiffs at this time; however, the Class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.   **Typicality**: Plaintiffs' claims are typical of all other Class Members as demonstrated in this FAC. Plaintiffs will fairly and adequately protect the interests of the other Class Members with whom they have a well-defined community of interest.

c.   **Adequacy**: Plaintiffs will fairly and adequately protect the interests of each Class Member, with whom they have a well-defined community of interest and typicality of claims, as demonstrated in this FAC. Plaintiffs have no interest that is antagonistic to the other Class Members. Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiffs have incurred and will continue to incur during the pendency of this FAC, costs and attorneys' fees that have been, are, and will necessarily be expended for the prosecution of this FAC for the substantial benefit of each Class Member.

d.   **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all Class Members is impractical.

e.   **Public Policy Considerations**: Certification of this lawsuit as a class action will advance public policy objectives. Employers throughout the State of California violate employment and labor laws on a daily basis. Current employees are often reluctant to assert their rights individually because of fear of direct or indirect retaliation by their employers. Class actions however provide Class Members, who are not specifically named in the FAC, with

7.

anonymity that allows for the vindication of their rights without fear of direct or indirect retaliation by their employers.

28.   Plaintiffs bring and maintain this FAC as a class action under California Code of Civil Procedure section 382 because common questions of law and fact exist as to the Class Members that predominate over questions of law and fact affecting only individual members including, but not limited to:

    a.   Whether Defendants' failure to pay wages without abatement or reduction in accordance with the California Labor Code was willful;

    b.   Whether Defendants had a corporate policy and practice of failing to pay their hourly non-exempt employees in agricultural occupations within the State of California for all hours worked and missed meal and rest periods (short, late, interrupted, and/or missed altogether) in violation of California law;

    c.   Whether Defendants required Plaintiffs and Class Members to work overtime hours and failed to pay the legally required overtime compensation to Plaintiffs and Class Members;

    d.   Whether Defendants failed to incorporate all remunerations, including hourly nondiscretionary bonuses and/or incentive pay, into the calculation of the regular rate of pay when calculating the overtime wage rate of Plaintiffs and Class Members;

    e.   Whether Defendants deprived Plaintiffs and Class Members of meal and/or rest periods or required Plaintiffs and Class Members to work during meal and/or rest periods without compensation;

    f.   Whether Defendants failed to pay minimum wages to Plaintiffs and Class Members for all hours worked;

    g.   Whether Defendants failed to pay all wages due to Plaintiffs and Class Members within the required time upon their separation – discharge or resignation;

    h.   Whether Defendants failed to reimburse Plaintiffs and Class Members for

8.

1    necessary business-related expenses and costs;

2    i.      Whether Defendants' conduct was willful or reckless;

3    j.      Whether Defendants engaged in unfair business practices in violation of

4            California Business & Professions Code section 17200 et seq.;

5    k.      The appropriate amount of damages, restitution, and/or monetary penalties

6            resulting from Defendants' violation of California law; and

7    l.      Whether Plaintiffs and Class Members are entitled to compensatory damages

8            pursuant to the California Labor Code and IWC Wage Order No. 14-2001.

9    29.     At all times relevant to this FAC, Defendants employed Plaintiffs and other California

10   residents as hourly employees within the State of California, including the County of Stanislaus.

11   30.     Defendants, jointly and severally, employed Plaintiffs as hourly, non-exempt

12   agricultural employees from May 2014 to February 2018, in the State of California. More specifically,

13   Plaintiffs were employed as general field laborers at various agricultural field sites for Defendants in

14   Stanislaus County, Merced County, Monterey County, and their surrounding areas.

15   31.     Defendants continue to employ hourly, non-exempt employees in agricultural

16   occupations in California.

17   32.     At all times relevant to this FAC, on information and belief, Defendants were advised

18   by skilled lawyers, employees, and other professionals who were knowledgeable about California's

19   wage and hour laws, employment, and personnel practices, and the requirements of California law.

20   33.     At all times relevant to this FAC, Defendants were required by California law to

21   compensate Plaintiffs and Class Members for all hours worked (including minimum and overtime

22   wages) and did not compensate Plaintiffs and Class Members for all wages earned for work that

23   Defendants required them to perform. On information and belief, in violation of the Labor Code and

24   IWC Wage Order No. 14-2001, Defendants failed to pay Plaintiffs and Class Members all wages

25   due—including minimum and overtime wages—for all hours worked.  This included failing to pay

26   Plaintiffs and Class Members the correct overtime rate for the recorded overtime hours they generated.

27   34.     At all times relevant to this FAC, Defendants were required by California law to

28   provide Plaintiffs and Class Members with meal periods in compliance with California law or payment

9.

of one (1) additional hour of pay at Plaintiffs' and Class Members' regular rate of pay when Defendants did not provide them with a complete, timely, uninterrupted meal period. On information and belief, in violation of the Labor Code and IWC Wage Order No. 14-2001, Defendants did not always provide Plaintiffs and Class Members with meal periods in compliance with California law and did not provide Plaintiffs and Class Members with one (1) additional hour of pay at Plaintiffs' and Class Members' regular rate of pay when they did not provide them with a complete, timely, uninterrupted meal period.

35.     At all times relevant to this FAC, Defendants were required by California law to provide Plaintiffs and Class Members rest periods or payment of one (1) additional hour of pay at Plaintiffs' and Class Members' regular rate of pay when they did not provide Plaintiffs and Class members with a rest period in compliance with California law. On information and belief, in violation of the Labor Code and IWC Wage Order No. 14-2001, Defendants did not always provide Plaintiffs and Class Members with rest periods in compliance with California law and Defendants did not provide Plaintiffs and Class Members with payment of one (1) additional hour of pay at Plaintiffs' and Class Members' regular rate of pay when Defendants did not provide Plaintiffs and Class Members with a compliant rest period.

36.     At all times relevant to this FAC, Defendants were required by California law to timely pay Plaintiffs and Class Members their wages due during their employment. On information and belief, in violation of the California Labor Code and IWC Wage Order No. 14-2001, Defendants did not pay Plaintiffs and Class Members all of their wages within the time periods required by California law.

37.     At all times relevant to this FAC, Defendants were required by California law to timely pay Plaintiffs and Waiting Time Class Members their wages upon separation of employment. On information and belief, in violation of the California Labor Code and IWC Wage Order No. 14-2001, Defendants did not pay Plaintiffs and Waiting Time Class Members all of their wages due upon separation of employment within the time period required by California law, including, but not limited to: unpaid minimum, overtime and double-time wages.

38.     At all times relevant to this FAC, Defendants were required by California law to

10.

reimburse Plaintiffs and Class Members for business-related expenditures. On information and belief, in violation of the California Labor Code and IWC Wage Order No. 14-2001, Defendants did not provide Plaintiffs and Class Members with indemnification or reimbursement for all business-related expenditures, including expenses associated with purchasing waterproof overalls, plastic boots, gloves and other supplies necessary and required for their work.

39.     At all times relevant to this FAC, Defendants were required by California law to fully compensate Plaintiffs and Class Members, and Defendants, despite having the financial ability to pay such compensation, willfully, knowingly and intentionally failed to do so, in order to increase their profits at the expense of Plaintiffs' and Class Members' rights.

40.     In view of the Defendants' aforementioned violations of the California Labor Code and IWC Wage Order No. 14-2001, Plaintiffs bring this FAC on behalf of themselves, as individuals, and on behalf of all Class Members, seeking monetary and injunctive relief against Defendants to recover, among other things, unpaid wages, interest, attorneys' fees, penalties, costs, and expenses.

41.     As alleged in this FAC, Defendants have engaged in a systematic pattern and practice of wage theft under the California Labor Code and IWC Wage Order No. 14-2001 for the purpose of maximizing profit at the expense of their employees' rights under California law, all of which contribute to Defendants' deliberate unfair competition.

42.     Plaintiffs further bring this FAC pursuant to California Labor Code section 218, which provides that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him under this article."

## SPECIFIC ALLEGATIONS

**Failure to Pay Minimum and Overtime Wages**

43.     At all times relevant to this FAC, Defendants employed hundreds of Class Members, many for successive seasons, each of which spanned for several months. Each season Defendants recruited these Class Members in California and hired them to perform work for Defendants at various locations in California including Turlock and Delhi, California, and their surrounding areas. Class Members performed work as hourly non-exempt employees in agricultural occupations engaged in various duties related to farming, including irrigation, harvesting, planting, sowing, pruning, pipe

11.

laying, general ranch work, fertilizing, weed control and other duties. The work was performed in vast fields and large greenhouses.

44.     Plaintiffs and Class Members generally had to report to work each day at a yard in Turlock, California. They reported as instructed by Defendants' supervisor, some as early as 3:00 a.m. or 6:00 a.m., depending on the day, to prepare various items needed for the workday. At all times from the point that workers arrived at the yard each morning, they were under the direction and control of Defendants.

45.     Upon arriving to the yard, Plaintiffs and Class Members had to engage in a series of pre-shift duties that were not compensated by Defendants and were for the benefit of Defendants. Regularly, Plaintiffs and Class Members were required to perform various tasks that included putting on waterproof overalls, plastic boots, gloves, and other necessary equipment to work in the fields and greenhouses. Plaintiffs and Class Members also had to make sure they had all the appropriate tools necessary for the day. Plaintiffs, for example, had to prepare a daily work cart with shovels, chemicals, sprinklers, and irrigation pipes for workers to use each day, including filling up large containers with water and ice for the workers. All of these tasks took place before workers were "on the clock," and Defendants did not compensate the crew's workers for this time.

46.     Plaintiffs and Class Members were also regularly required to perform various tasks at the end of the day before leaving the strawberry and raspberry fields and the various greenhouses where work was performed. These tasks included cleaning the equipment at the end of the shift, walking back to the yard and returning equipment, and removal of their overalls, boots, gloves, and other equipment they used for work. Workers were not paid for this work time.

47.     Plaintiffs and Class Members went "on the clock" and were credited with time worked only when their supervisor directed them that it was time to start tracking their hours–typically at 7:00 a.m. As a result of this practice, on an almost daily basis, Plaintiffs, and on information and belief, Class Members were required to wait prolonged periods to go "on the clock" after arriving at the yard.

48.     Plaintiffs and Class Members went off the clock after their supervisor verbally informed them to stop work. Plaintiffs and Class Members were forced to walk back from their last work location to the yard from the field or greenhouses–a walk that took as long as 10-15 minutes.

12.

Defendants did not compensate workers for this walking time. Additionally, Plaintiffs, and, on information and belief, Class Members, had to often stay behind to pick up work materials, clean them, and return them to the yard to be ready for the next day of work–all without being paid by Defendants.

49.    The actual time that the workday would begin was not known to Plaintiffs and the Class Members because of the variations in time spent performing work at the yard, the time spent walking to and from their exact work location, and waiting for instructions from supervisors as to when they exactly would be credited for work on their timecards. Supervisors controlled the times Plaintiffs and Class Members could note on their timecards. As a result, Defendants could not and did not provide them with a reliable reporting time.

50.    At all times while walking to and from their daily work location, Plaintiffs and Class Members were under the direction and control of Defendants. Indeed, Plaintiffs and Class Members working on any given day had to walk over controlled agriculture fields or through controlled greenhouses to their assigned location. Additionally, Class Members were often picked up at the yard by supervisors in vehicles and were transported to and from their various job sites at the beginning and/or end of the workday. During this travel time, Class Members sometimes received training and/or discussed action items for the day. Workers were not paid for this time.

51.    Having Plaintiffs and Class Members reporting to a central location every day and the time they spent walking or being transported to the exact job sites also benefitted the Defendants, as it allowed them to have crews ready at the time that it deemed best for irrigation/farming/planting activities to begin, allowed them to have crews to help with pre-shift and post-shift tasks, and allowed Defendants to rely on a steady supply of experienced crews of workers that it could deploy from one location to other locations throughout the vast fields and large greenhouses.

52.    Further, Defendants did not always provide Plaintiffs and Class Members with meal periods as required by California law. That is, Defendant did not provide Plaintiffs and Class Members with meal periods that were timely, complete, and uninterrupted, if any meal periods were provided at all. When meal periods were provided, the exact start and end time of meal periods was not tracked and workers were simply instructed by supervisors to write a thirty (30) minute time slot in their timecards at the end of the day. Accordingly, Plaintiffs and Class Members had no way of knowing

13.

the exact start and end time of any meal periods because of this auto deduct policy. As such, Plaintiffs and Class Members missed meal periods and/or had their meal periods cut short without receiving any compensation from Defendants for this time worked.

**Failure to Pay Overtime Premiums and the Correct Overtime Rate**

53.    Plaintiffs' pay records, and on information and belief, the pay records of Class Members, demonstrate that anytime they worked overtime hours they were not paid the correct overtime premium and were only paid their regular hourly rate. These violations were ongoing and Plaintiffs, and on information and belief, Class Members, sometimes worked more than seventy (70) hours per week and more than ten (10) hours per day and were not paid the correct overtime premium.

54.    Additionally, Defendants did not pay Plaintiffs and Class Members the correct overtime rate for the recorded overtime hours that they generated. In addition to an hourly wage, Defendants regularly paid Plaintiffs and Class Members nondiscretionary bonuses and/or incentive pay for every hour of work performed upon completion of the seasonal harvest. However, in violation of the Labor Code, Defendants failed to incorporate all remunerations, including this hourly nondiscretionary bonus and/or incentive pay, into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate. Therefore, during times when Plaintiffs and Class Members worked overtime and worked the entire seasonal harvest and received these hourly nondiscretionary bonuses and/or incentive pay, Defendants failed to pay all overtime wages by paying a lower overtime rate than required by law.

55.    Specifically, Defendants paid Plaintiffs and Class Members bonus pay denoted on their pay stubs as "Season Bonus" and "Incentive Pay." In the same pay periods in which nondiscretionary bonuses and/or incentive pay were earned, Plaintiffs, and on information and belief Class Members, also worked overtime hours for which they were paid overtime wages. However, Defendants failed to incorporate these other earned forms of pay into Plaintiffs' and Class Members' regular rate of pay and, as a result, paid them at an incorrect and lower rate of pay for overtime hours worked. Specifically, Defendants paid them at 1.5 times their hourly rate of pay instead of at 1.5 times their regular rate of pay. Defendants' failure to properly calculate the overtime rate of pay based on all remuneration paid has resulted in an underpayment of overtime wages to Plaintiffs and Class Members.

14.

**Failure to Provide Meal Periods**

56.     As previously alleged in this FAC, Defendants had, and continue to have, a *de facto* auto-deduct meal period company-wide policy and/or practice that prevented Plaintiffs and Class Members from taking all timely, complete, and uninterrupted meal periods. Defendants required Plaintiffs and Class Members to work through part or all of their meal periods, permitted their meal periods to be interrupted, and/or wait extended periods of time before taking meal periods. Further, Defendants did not provide Plaintiffs and Class Members with second 30-minute meal periods on days that they worked in excess of ten (10) hours in one day. Plaintiffs and Class Members did not sign valid meal period waivers for days in which they were entitled to meal periods and were not relieved of all duties.

57.     Defendants knew or should have known that as a result of their *de facto* auto-deduct policy and practice of failing to provide meal periods, that Plaintiffs and Class Members were not actually relieved of all duties to take timely, complete, and uninterrupted meal periods. Defendants further knew or should have known that they did not pay Plaintiffs and Class Members meal period premium wages when they were missed, late, short, and/or interrupted.

58.     Defendants have engaged in a company-wide practice and/or policy of not paying meal period premiums for days when they did not provide employees with compliant meal periods. Because of this practice and/or policy, Plaintiffs and Class Members have not received premium pay for meal periods that were missed, late, short, or interrupted.

**Failure to Provide Rest Periods**

59.     As with meal periods, Defendants had a company-wide policy and practice of failing to relieve Plaintiffs and Class Members of all duties in order to provide them with rest periods as required by California law. This practice was further compounded by the fact that Defendants required Plaintiffs and Class Members to wait to go to the bathrooms until their rest break times as the bathroom were often far from their exact work location. Plaintiffs and Class Members therefore worked shifts in excess of 3.5 hours, in excess of 6 hours, and/or in excess of 10 hours without receiving all uninterrupted 10-minute rest periods to which they were entitled. When Plaintiffs and Class Members worked more than ten (10) hours in a day, Plaintiffs and Class Members were not provided with a

15.

third rest period.

60.    Defendants also have engaged in a company-wide practice and/or policy of not paying employees all rest period premiums when they failed to provide them with compliant rest periods. Because of this practice and/or policy, Plaintiffs and Class Members have not received premium pay for all missed rest periods.

**Failure to Timely Pay Final Wages Upon Termination**

61.    Defendants have a company-wide practice or policy of not paying departing employees their final wages on their last day of employment or within seventy-two (72) hours of resigning without prior notice, instead of abiding by the time requirements required by California Labor Code sections 201 and 202. Thus, Defendants failed to timely pay Plaintiffs' and Class Members' owed wages within the required time limit in violation of California Labor Code section 201.

62.    Additionally, Defendants willfully failed to pay Plaintiffs and Class Members who are no longer employed by Defendants all their earned wages either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ in violation of California Labor Code sections 201, 202, and 203, including, but not limited to overtime, double-time and minimum wages.

**Failure to Reimburse Business Expenses**

63.    Defendants had, and continue to have, a company-wide policy and/or practice of not reimbursing employees for expenses necessarily incurred, in violation of California law.

64.    First, at all times relevant time to this FAC, Defendants failed to provide Plaintiffs and Class Members with adequate supplies/uniforms for the tasks Defendants required them to perform. Instead, Defendants required Plaintiffs and Class Members to pay out-of-pocket for some of their uniform expenses including but not limited to weatherproof overalls, plastic boots, and gloves. Plaintiffs and Class Members regularly worked in wet, humid, and often muddy ground conditions which required them to use this protective equipment. Defendants however did not provide these uniforms/supplies to employees and instead required Plaintiffs and Class Members to purchase these on their own without reimbursement for this expense in violation of California law.

65.    Defendants could have provided Plaintiffs and Class Members with the actual supplies for use on the job, including weatherproof overalls, plastic boots, and gloves for fulfilling work-related

16.

tasks, or could have reimbursed employees for these expenses. Instead, Defendants required workers to bear the burden of these expenses without reimbursement in violation of California law.

## FIRST CAUSE OF ACTION

### Failure to Pay Minimum Wages

### [Cal. Labor Code, §§ 1182.12, 1194, 1194.2, 1194.5, 1197, 1198;

### IWC Wage Order No. 14-2001, § 4]

### (Against All Defendants and DOES 1-10)

66.    Plaintiffs, on behalf of themselves and Class Members, re-allege and incorporate by reference all previous paragraphs of this FAC.

67.    California Labor Code section 1198 makes unlawful the employment of an employee under conditions the IWC prohibits.

68.    California Labor Code sections 1182.12, 1194, and 1197, and IWC Wage Order No. 14-2001, section (4), make it unlawful for employers to pay hourly, non-exempt employees less than the minimum wage fixed by California law.

69.    California Labor Code sections 1194, subdivision (a), and 1194.2, subdivision (a), provide that an employer that fails to pay its employees the legal minimum wage is liable to pay those employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount equal to the wages unpaid and interest thereon.

70.    At all times relevant time to this FAC, Defendants failed to pay minimum wage to Plaintiffs and Class Members as required by California Labor Code sections 1182.12, 1194, 1197, and 1198, by having followed and by continuing to follow a policy and practice of failing to pay Plaintiffs and Class Members at or above the California minimum wage for many hours worked by Plaintiffs and Class Members, including but not limited to: hours Defendants required, permitted, or suffered Plaintiffs and Class Members to work off the clock including work time spent completing pre and post-shift duties; time spent traveling to and from exact work locations that was not compensated; hours that Defendants altered or removed from time records; and hours Defendants required, permitted, or suffered Plaintiffs and Class Members to work through unpaid breaks.

71.    At all times relevant to this FAC, Defendants knowingly and willfully failed to pay

17.

minimum wages as required by California law.

72.     As a direct and proximate result of Defendants' failure to pay minimum wages as required by California law, Plaintiffs and Class Members sustained damages.

73.     Pursuant to California Labor Code sections 1194, 1194.2, and 1197, Plaintiffs and Class Members are entitled to recover from the Defendants the unpaid balance of their minimum wage compensation not paid to them by Defendants, as well as interest, costs, attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## SECOND CAUSE OF ACTION

### Failure to Pay Overtime Wages

### [Cal. Labor Code, §§ 1194 and 1198; IWC Wage Order No. 14-2001, § 3]

### (Against All Defendants and DOES 1-10)

74.     Plaintiffs, on behalf of themselves and Class Members, re-allege and incorporate by reference all previous paragraphs of this FAC.

75.     California Labor Code section 1198 makes unlawful the employment of an employee under conditions the IWC prohibits.

76.     IWC Wage Order No. 14-2001, section (3), makes it unlawful for employers to employ individuals in agricultural occupations without compensating them at minimum wage for all hours worked and at their applicable overtime rate of pay for all overtime hours worked.

77.     IWC Wage Order No. 14-2001, section (3), provides that employers must compensate hourly, non-exempt employees with overtime compensation paid at one and-one-half times the employee's regular hourly rate for hours worked in excess of ten (10) hours per day or sixty (60) hours per week or for the first eight (8) hours worked on the seventh day of work, and overtime compensation paid at twice the employee's regular hourly rate for hours worked in excess of eight (8) hours in a day on the seventh day of work.

78.     IWC Wage Order No. 14-2001, section (3), also provides that for employers of more than twenty-five (25) employees, starting January 1, 2019, an employee shall not be employed more than nine and one-half (9.5) hours per workday or fifty-five (55) hours per workweek unless the employee receives one and one-half (1.5) times such employee's regular rate of pay for all hours

18.

worked over nine and one-half (9.5) hours in any one workday or more than fifty-five (55) hours in any one workweek. In addition, Section 3 provides that for employers of more than twenty-five (25) employees, starting January 1, 2020, an employee shall not be employed more than nine (9.0) hours per workday or fifty (50) hours per workweek unless the employee receives one and one-half (1.5) times such employee's regular rate of pay for all hours worked over nine (9.0) hours in any one workday or more than fifty (50) hours in any one workweek. Moreover, Section 3 provides that for employers of more than twenty-five (25) employees, starting January 1, 2021, an employee shall not be employed more than eight and one-half (8.5) hours per workday or forty-five (45) hours per workweek unless the employee receives one and one-half (1.5) times such employee's regular rate of pay for all hours worked over eight and one-half (8.5) hours in any one workday or more than forty-five (45) hours in any one workweek. Lastly, Section 3 provides that for employers of more than twenty-five (25) employees, starting January 1, 2022, an employee shall not be employed more than eight (8.0) hours per workday or forty (40) hours per workweek unless the employee receives one and one-half (1.5) times such employee's regular rate of pay for all hours worked over eight (8.0) hours in any workday or more than forty (40) hours in any workweek and double the employee's regular rate of pay for all hours worked over twelve (12) hours in any one workday.

79.     California Labor Code section 1194, subdivision (a), entitles an employee to recover in a civil action the unpaid balance of all overtime compensation due but unpaid.

80.     At all times relevant to this FAC, Plaintiffs and Class Members are current and former hourly, non-exempt employees in agricultural occupations entitled to the protections of California Labor Code sections 1194 and IWC Wage Order No. 14-2001.

81.     At all times relevant to this FAC, Plaintiffs and the Class Members regularly worked overtime hours on a daily and weekly basis.

82.     At all times relevant to this FAC, Defendants failed to pay overtime wages to Plaintiffs and Class Members as required by the California Labor Code and IWC Wage Order No. 14-2001, section (3), by having followed and by continuing to follow a policy and practice of failing to pay Plaintiffs and Class Members at or above the applicable overtime and double-time rate required under California law for many hours worked by Plaintiffs and Class Members, including but not limited to:

19.

overtime hours that were paid at Plaintiffs' and Class Members' regular hourly rate; hours Defendants required, permitted, or suffered Plaintiffs and Class Members to work off the clock including work time spent completing pre and post-shift duties; time spent traveling to and from exact work locations that was not compensated; hours that Defendants altered or removed from time records; hours Defendants required, permitted, or suffered Plaintiffs and Class Members to work through unpaid breaks; and failing to incorporate all remunerations, including hourly nondiscretionary bonuses and/or incentive pay into the calculation of the regular rate of pay when calculating the overtime wage rate.

83.    Defendants committed and continue to commit the acts alleged in this FAC knowingly and willfully.

84.    As a direct and proximate result of Defendants' failure to pay overtime wages as required by California law, Plaintiffs and Class Members sustained damages.

85.    Pursuant to California Labor Code section 1194, subdivision (a), Plaintiffs and Class Members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## THIRD CAUSE OF ACTION

### Failure to Pay Premium Pay for Non-Compliant Meal Periods

### [Cal. Labor Code, §§ 226.7 and 512, subd. (a); IWC Wage Order No. 14-2001, § 11]

### (Against All Defendants and DOES 1-10)

86.    Plaintiffs, on behalf of themselves and Class Members, re-allege and incorporate by reference all previous paragraphs of this FAC.

87.    California Labor Code section 1198 makes unlawful the employment of an employee under conditions the IWC prohibits.

88.    California Labor Code section 226.7, subdivision (b), makes it unlawful for employers to require hourly, non-exempt employees to work during any meal period mandated by an applicable IWC Order.

89.    California Labor Code section 512, subdivision (a), and IWC Wage Oder No. 14, section (11), subdivision (A), makes it unlawful for an employer to require, cause or permit an hourly-paid, non-exempt employee to work for a work period of more than five (5) hours per day without

20.

providing the employee with a meal period of not less than thirty (30) minutes, except that when the total work period per day of the employee is no more than six (6) hours the meal period may be waived by mutual consent of both the employer and employee.

90. California Labor Code section 512, subdivision (a), and IWC Wage Order No. 14, section (11), subdivision (B), also make it unlawful for an employer, like Defendants, to require, cause, or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that when the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee but only if the first meal period was not waived by the employee.

91. Pursuant to California Labor Code section 226.7, subdivision (c), if an employer fails to provide an employee a meal period as required, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday that a meal period is not provided as required.

92. At all times relevant to this FAC, Defendants failed to provide Plaintiffs and the Class Members with a 30-minute, duty-free meal period for every five hours of work. Employees routinely missed meal periods or had late, short, or interrupted meal periods due to a heavy workload, insufficient staffing, and instructions from supervisors to cut their meal periods short. In addition, Defendants required that employees fill out their timecards at the end of the day to reflect an exact thirty (30) minute meal break, even when employees were not able to take compliant meal periods or any meal periods at all. This *de facto* auto-deduct policy instituted by Defendants created the false appearance that compliant meal periods were taken when they were not. Further, Defendants did not provide Plaintiffs and Class Members with second 30-minute meal periods on days that they worked in excess of ten (10) hours in one day.

93. At all times relevant to this FAC, Defendants failed to pay Plaintiffs and Class Members meal period premium pay due for non-compliant meal periods, pursuant to California Labor Code section 226.7, subdivision (c).

94. At all times relevant to this FAC, Defendants knowingly and willfully failed to pay

21.

Plaintiffs and Class Members premium pay for non-compliant meal periods as required by California law.

95.    As a direct and proximate result of Defendants' failure to pay premium pay for non-compliant meal periods as required by California law, Plaintiffs and Class Members sustained damages.

96.    Pursuant to California Labor Code section 226.7, subdivision (c), and IWC Wage Order No. 14-2001, section (11), Plaintiffs and Class Members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each workday that a compliant meal period was not provided, including interest thereon.

## FOURTH CAUSE OF ACTION

### Failure to Pay Premium Pay for Non-Compliant Rest Periods

### [Cal. Labor Code, § 226.7; IWC Wage Order No. 14-2001, § 12]

### (Against All Defendants and DOES 1-10)

97.    Plaintiffs, on behalf of themselves and Class Members, re-allege and incorporate by reference all previous paragraphs of this FAC.

98.    California Labor Code section 1198 makes unlawful the employment of an employee under conditions the IWC prohibits.

99.    California Labor Code section 226.7, subdivision (b), prohibits an employer from requiring an employee to work during any rest break mandated by an applicable Industrial Wage Order.

100.    IWC Wage Order No. 14-2001, section (12), requires employers to authorize and permit employees who work three and one half or more hours in a day to take a paid rest period of at least 10 minutes for every four hours worked or major fraction thereof, which insofar as practicable shall be in the middle of each work period.

101.    Pursuant to California Labor Code section 226.7, subdivision (c), if an employer fails to provide an employee a rest period as required, then the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday that a rest period is not provided as required.

22.

102.     At all times relevant to this FAC, Defendants required Plaintiffs and Class Members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked or major fraction thereof in violation of California law.

103.     At all times relevant to this FAC, Defendants did not provide Plaintiffs and Class Members with a duty-free rest period of at least 10 minutes for every four hours of work or major fraction thereof. Plaintiffs and Class Members were unable to take compliant rest periods for the same reasons they could not take compliant meal periods. Additionally, when Plaintiffs and Class Members worked more than ten (10) hours in a day, Plaintiffs and Class Members were not provided with a third rest period.

104.     At all times relevant to this FAC, Defendants knowingly and willfully failed and continue to fail to pay Plaintiffs and Class Members premium pay for non-compliant rest periods as required by California law.

105.     As a direct and proximate result of Defendants' failure to pay premium pay for nom-compliant rest periods as required by California law, Plaintiffs and Class Members sustained damages.

106.     Pursuant California Labor Code section 226.7, subdivision (c), and IWC Wage Order 14-2001, section (12), Plaintiffs and Class Members are entitled to recover from Defendants one additional hour of pay at the employee's regular hourly rate of compensation for each work day that a compliant rest period was not provided, including interest thereon.

## FIFTH CAUSE OF ACTION

### Failure to Pay All Wages Due to Discharged and Quitting Employees

### [Cal. Labor Code, §§ 201, 202, and 203]

### (Against All Defendants and DOES 1-10)

107.     Plaintiffs, on behalf of themselves and Class Members, re-allege and incorporate by reference all previous paragraphs of this Complaint.

108.     California Labor Code sections 201 and 202 provide that if an employer discharges an employee, then the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter unless the employee has given seventy-

23.

two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

109.    California Labor Code section 203 provides that if an employer willfully fails to pay wages owed in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced, but the wages shall not continue for more than thirty (30) days.

110.    The unpaid wages owed to Plaintiffs and Waiting Time Subclass Members at the time of termination of their employment include unpaid regular, overtime, and double-time wages, as set forth in this FAC.

111.    By failing to compensate Plaintiffs and Waiting Time Subclass Members upon separation, including but not limited to Defendants' failure to properly pay Plaintiffs and Class Members wages for all hours worked when due, overtime wages, double-time wages, and minimum wages. Defendants have willfully failed and continue to fail to pay all accrued wages and other compensation to Plaintiffs and Waiting Time Subclass Members in accordance with California Labor Code sections 201 and 202.

112.    As a direct and proximate result of Defendants' failure to pay all wages due upon separation, Plaintiffs and Waiting Time Subclass Members have suffered damages.

113.    Plaintiffs and Waiting Time Subclass Members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

<u>**SIXTH CAUSE OF ACTION**</u>

**Failure to Indemnify Employees for Necessary Expenditures**

**[Cal. Labor Code § 2802; IWC Wage Order No. 14-2001, § 9]**

**(Against All Defendants and DOES 1-10)**

114.    Plaintiffs, on behalf of themselves and Class Members, re-allege and incorporate by reference all previous paragraphs of this FAC.

115.    California Labor Code sections 2802, subdivision (a), requires employers to reimburse their employees for all necessary expenditures incurred by the employee in direct consequence of the

24.

discharge of their job duties or in direct consequence of their job duties or in direct consequence of their obedience to the directions of the employer.

116.    IWC Wage Order 14-2001, section (9), subdivision (B), provides that when tools, supplies, or equipment are necessary to the performance of a job, such tools, supplies or equipment shall be provided and maintained by the employer.

117.    Defendants have failed and continue to fail to provide Plaintiffs and Class Members all tools, supplies and equipment necessary to perform their job duties including, but not limited to, weatherproof overalls, plastic boots, and gloves.

118.    By requiring Plaintiffs and Class Members to pay for work-related expenses without reimbursement, Defendants, pursuant to their policy and practice, have violated and continue to violate California Labor Code section 2802 and IWC Wage Order 14-2001, section (9).

119.    Defendants have intentionally and willfully failed to reimburse Plaintiffs and Class Members for all necessary work-related expenses and costs.

120.    As a direct and proximate result of Defendants' failure reimburse Plaintiffs and Class Members for all necessary work-related expenses and costs as required by California law, Plaintiffs and Class Members sustained damages.

121.    Plaintiffs and Class Members are entitled to recover from Defendants their work-related expenses and costs incurred during the course and scope of their employment plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California. Plaintiffs and Class Members are also entitled to attorney's fees incurred by them in enforcing their rights under California Labor Code section 2802.

## SEVENTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Business & Professions Code, §§ 17200 et seq.]

### (Against All Defendants and DOES 1-10)

122.    Plaintiffs, on behalf of themselves and Class Members, re-allege and incorporate by reference all previous paragraphs of this FAC.

123.    As alleged in this FAC, Defendants' conduct, has been, and continues to be, unfair,

25.

unlawful, and harmful to Plaintiffs and Class Members, and to the general public. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

124.    As alleged in this FAC, Defendants' actions violate California law and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200 et seq.

125.    A violation of California Business & Professions Code section 17200 et seq. may be predicated on the violation of any state or federal law. In the present case, Defendants' policy and practice of not paying all regular, overtime, and double-time wages due to Plaintiffs and Class Members violates California Labor Code sections 1194 and 1198; Defendants' policy and practice of requiring Plaintiffs and Class Members to work through their meal and rest periods without paying them proper compensation violates California Labor Code sections 226.7 and 512, subdivision (a); Defendants' policy and practice of not timely paying all wages owed to Plaintiffs and Class Members upon resignation or termination violates California Labor Code sections 201, 202, and 203; and Defendants' policy and practice of not fully reimbursing Plaintiffs and Class Members for necessary work-related expenses and costs incurred during their employment violates California Labor Code sections 2800 and 2802. As alleged in this Complaint, Defendants' unlawful business acts and practices, involve, but not necessarily limited to the loss of money and/or property.

126.    Plaintiffs and Class Members have been personally injured. Pursuant to California Business & Professions Code sections 17200 et seq., Plaintiffs and the Class Members are entitled to restitution from Defendants of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## **REQUEST FOR A JURY TRIAL**

127.    Plaintiffs, on behalf of themselves and all similarly situated hourly, non-exempt employees in agricultural occupations currently or formerly employed in California by Defendants,

26.

hereby demand a jury trial on all causes of action and claims so triable.

**PRAYER FOR RELIEF**

128.    Plaintiffs, on behalf of themselves and all other members of the general public similarly situated, pray for relief and judgment against Defendants, as follows:

a.    For certification of the proposed Class and Waiting Time Subclass and any other appropriate subclasses under California Code of Civil Procedure section 382.

b.    For appointment of Blas Trujillo and Alberto De La Rosa as the class representatives.

c.    For appointment of Macias Rodriguez LLP as class counsel for all purposes.

d.    For compensatory damages in an amount according to proof at trial.

e.    For an award of damages in the amount of unpaid compensation, including but not limited to, unpaid wages, benefits, and penalties.

f.    For economic and/or special damages in an amount according to proof at trial.

g.    For liquidated damages under Labor Code section 1194.2.

h.    For statutory penalties to the extent permitted by law, including those under the Labor Code and IWC Wage Orders.

i.    For injunctive relief, as provided by the Labor Code and Business and Professions Code sections 17200 et seq. More specifically, California Labor Code section 1194.5 authorizes injunctions where an employer has willfully violated laws governing wages, hours, or working conditions.

j.    For restitution as provided by Business and Professions Code sections 17200 et seq.

k.    For an order requiring Defendants to restore and disgorge all funds to each employee acquired using any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code sections 17200 et seq.

l.    For pre-judgment and post-judgment interest.

27.

1         m.    For reasonable attorneys' fees and costs of suit to the extent permitted by law,

2              including, but not limited to, Code of Civil Procedure section 1021.5 and Labor

3              Code section 1194.

4         n.    For such other relief as the Court deems just and proper.

Dated: July 10, 2020

_____
JOSE MACIAS, JR.
HECTOR RODRIGUEZ
TRAVIS M. ADAMS
**MACIAS RODRIGUEZ LLP**
Attorneys for Plaintiffs

28.

FIRST AMENDED CLASS ACTION COMPLAINT

# EXHIBIT C

1  Anthony Raimondo, #200387
    *apr@raimondoassociates.com*
2  Gerardo V. Hernandez, #292809
    *gvh@raimondoassociates.com*
3  Steven R. Wainess, #106645
    *srw@raimondoassociates.com*
4  James D. Miller, #207709
    *jdm@raimondoassociates.com*
5  RAIMONDO & ASSOCIATES, a Law Corporation
   7110 N. Marks Avenue, Suite 104
6  Fresno, California 93711
   Telephone: (559) 432-3000
7  Facsimile: (559) 432-2242

8  Attorneys for Defendants PLANASA, LLC;
   PLANSA US HOLDINGS, LLC; PLANASA-
9  CALIFORNIA REO, LLC; and NORCAL
   NURSERY

Electronically Filed
8/10/2020 12:04 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Carly Bonzi, Deputy

$1000 PAID

$435 PAID

10                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                               COUNTY OF STANISLAUS

12

13

14  BLAS TRUJILLO and ALBERTO DE LA        Case No.: CV-20-002338
    ROSA, as individuals, and on behalf of other
15  members of the general public similarly situated,   **DEFENDANTS' ANSWER TO FIRST
                                                        AMENDED CLASS ACTION COMPLAINT
16              Plaintiff,                               FOR DAMAGES AND INJUNCTIVE
                                                        RELIEF**
17       v.

18  PLANSA, LLC, a Nevada Limited Liability
    Company; PLANASA US HOLDINGS, LLC, a
19  Nevada   Limited    Liability    Company;
    PLANASA-CALIFORNIA REO, LLC, a
20  California   Limited   Liability   Company;
    NORCAL   NURSERY,   LLC,   a   California
21  Limited Liability Company; DOES 1 through
    10, inclusive,
22
               Defendants.
23                                                  Complaint filed: May 15, 2020

24       Defendants' PLANSA, LLC, a Nevada limited liability company; PLANASA US

25  HOLDINGS, LLC, a Nevada Limited Liability Company; PLANASA-CALIFORNIA REO, LLC,

26  a California limited liability company; and NORCAL NURSERY, LLC, a California limited

27  liability company (collectively, "Defendants") hereby answers the First Amended Complaint

28  ("Complaint") of Plaintiffs as follows.

RAIMONDO & ASSOCIATES
7110 N. Marks Avenue
Suite 104
FRESNO, CA 93711

DEFENDANTS' ANSWER TO FAC FOR DAMAGES AND INJUNCTIVE RELIEF

# I.

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendants generally and specifically deny each and every allegation asserted against Defendants in the Complaint. Defendants further deny that Plaintiffs are entitled to any of the relief requested in the Complaint. Defendants also assert the following affirmative defenses, without conceding that the burden of proof is imposed on Defendants for any of the following.

# II.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

1.    As a separate and distinct affirmative defense, Defendants allege that all or portions of the claims set forth in the Complaint are barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, 340, 343, and California Business and Professions Code sections 16750.1 and 17208.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

2.    As a separate and distinct affirmative defense, Defendants allege that the Complaint does not contain enough facts to state a cause of action.

## THIRD AFFIRMATIVE DEFENSE

### (Exempt from Overtime)

3.    As a separate and distinct affirmative defense, Defendants allege that the claims for additional compensation of any type fail as Plaintiffs and the putative class members are exempt from California's overtime laws.

///
///
///
///

RAIMONDO & ASSOCIATES
7110 N. Marks Avenue
Suite 104
FRESNO, CA 93711

DEFENDANTS' ANSWER TO EAC FOR DAMAGES AND INJUNCTIVE RELIEF

## FOURTH AFFIRMATIVE DEFENSE

### (No Unpaid Wages)

4.      As a separate and distinct affirmative defense, Defendants allege that Plaintiff and the putative class members have been paid and/or received all wages due to them by virtue of their employment.

## FIFTH AFFIRMATIVE DEFENSE

### (Comparative Fault of Third Parties)

5.      As a separate and distinct affirmative defense, Defendants allege that people or entities other than these Defendants caused or contributed to the damages Plaintiffs claim to have suffered. Therefore, any award made in favor of Plaintiffs in this case must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Consent)

6.      As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each and every alleged cause of action therein are barred, in whole or in part, because Plaintiffs consented to the conduct about which they now complain.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

7.      As a separate and distinct affirmative defense, Defendants allege that Plaintiffs and the putative class members have not suffered any losses and Defendants have not been unjustly enriched as a result of any action or inaction by Defendants or its agents.  Plaintiffs are therefore not entitled to any disgorgement or restitution.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8.      As a separate and distinct affirmative defense, Defendants allege that Plaintiffs waited too long to file this lawsuit, making it difficult or impossible for Defendants to find witnesses or evidence to defend the case.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

9.      As a separate and distinct affirmative defense, Defendants allege that the Complaint and each purported cause of action contained therein is barred under the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Good Faith)

10.      As a separate and distinct affirmative defense, Defendants allege that Plaintiff and the putative class members were treated fairly and in good faith, and that all actions taken with regard to them were taken for lawful business reasons and in good faith.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Offset)

11.      As a separate and distinct affirmative defense, Defendants allege, without admitting liability, that if Plaintiffs are entitled to any recovery, such recovery must be offset due to harm and damage caused by Plaintiffs to Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

### (Waiver)

12.      As a separate and distinct affirmative defense, Defendants allege that that by reason of the acts and omissions of Plaintiffs, Plaintiffs have waived any entitlement to any recovery, for any breach of any contract or any duty, or for any other cause.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Justification)

13.      As a separate and distinct affirmative defense, Defendants allege that each of them at all times acted in good faith, without malice, and with legal justification so as to protect and assert legal and economic rights which each of them in good faith believe to exist and control; thus, excusing and justifying Defendants actions, and thereby barring recovery by Plaintiffs against the answering Defendants.

///

///

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

14.     As a separate and distinct affirmative defense, Defendants allege that Plaintiffs and the putative class members are estopped by their conduct from asserting each of the causes of action upon which they seek relief.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

15.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein are barred because Plaintiffs failed to timely and completely exhaust the requisite administrative remedies, statutory, and/or contractual remedies available to them prior to commencing this action.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Liability Can Only Be Determined by Individualized Assessments)

16.     As a separate and distinct affirmative defense, Defendants allege that Plaintiffs are barred from obtaining relief pursuant to their cause of action for violation of California Business and Professions Code section 17200, *et seq.* because California law does not permit representative actions where liability can only be determined through fact-intensive individualized assessments of alleged wage and hour violations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

17.     As a separate and distinct affirmative defense, Defendants allege that Plaintiffs lack standing to bring their claims as to all or a portion of the claims alleged in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Class Cannot be Established)

18.     As a separate and distinct affirmative defense, Defendants allege that this suit may not be properly maintained as a class action because: (1) Plaintiffs have failed to plead and cannot establish the necessary procedural elements for class treatment; (2) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the

1   Complaint; (3) common issues of fact or law do not predominate, and to the contrary, individual

2   issues predominate; (4) Plaintiffs' claims are not representative or typical of the claims of the

3   putative class; (5) Plaintiffs are not proper class representatives; (6) Plaintiffs and the alleged putative

4   class counsel are not adequate representatives for the alleged putative class; (7) Plaintiffs cannot

5   satisfy any of the requirements for class action treatment and class action treatment is neither

6   appropriate nor constitutional; (8) there is not a well-defined community of interest in the questions

7   of law or fact affecting Plaintiffs and the members of the alleged putative class; and (9) the alleged

8   putative class is not ascertainable, nor are its members identifiable.

9
### NINETEENTH AFFIRMATIVE DEFENSE

10
#### (Improper Class Certification)

11       19.    As a separate and distinct affirmative defense, Defendants oppose class certification

12   and disputes the propriety of class treatment.  If the Court certifies a class in this case over

13   Defendants' objections, then Defendants assert the affirmative defenses set forth herein against each

14   and every member of the certified class.

15
### TWENTIETH AFFIRMATIVE DEFENSE

16
#### (Violation of Defendants' Right to Trial)

17       20.    As a separate and distinct affirmative defense, Defendants allege that the adjudication

18   of the claims of the putative class through generalized class wide proof violates Defendants' right to

19   trial by jury guaranteed by the United States and California Constitutions.

20
### TWENTY-FIRST AFFIRMATIVE DEFENSE

21
#### (Lack of Due Process)

22       21.    As a separate and distinct affirmative defense, Defendants allege that, to the

23   extent that Plaintiffs claim penalties, such claims must comport with the due process requirements of

24   *State Farm v. Campbell*, 538 U.S. 408 (2003) and subsequent case law regarding the same issue.

25   ///

26   ///

27   ///

28   ///

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2

### (Violations Discontinued, Ceased and Are Not Likely to Recur)

3    22.    As a separate and distinct affirmative defense, Defendants allege that the request for

4 restitution, declaratory relief, and/or injunctive relief is barred with respect to any and all alleged

5 violations of California Business and Professions Code section 17200, *et seq.* that have discontinued,

6 ceased, and are not likely to recur.

7

## TWENTY-THIRD AFFIRMATIVE DEFENSE

8

### (No Violation of Business and Professions Code section 17200, et seg.)

9    23.    As a separate and distinct affirmative defense, Defendants allege that their business

10 actions or practices were not unfair, unlawful, fraudulent or deceptive within the meaning of

11 California Business and Professions Code section 17200, *et seq.*

12

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

13

### (Failure to State Claim for Attorney's Fees)

14    24.    As a separate and distinct affirmative defense, Defendants allege that the Complaint

15 fails to properly state a claim for attorney's fees under California Code of Civil Procedure section

16 1021.5, California Labor Code sections 218.5, California Business and Professions Code section

17 17200, *et seq.,* or any other basis.

18

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

19

### (Failure to State a Claim for Injunctive Relief)

20    25.    As a separate and distinct affirmative defense, Defendants allege that the Complaint

21 fails to properly state a claim for injunctive relief.

22

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

23

### (Punitive Damages Unavailable)

24    26.    As a separate and distinct affirmative defense, Defendants allege that to the extent

25 Plaintiffs and the putative class members recover penalties in this action, they cannot recover

26 punitive damages.

27    ///

28    ///

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Other Adequate Remedies Available)

27.    As a separate and distinct affirmative defense, Defendants allege that Plaintiffs and the putative class members are not entitled to equitable relief insofar as they have adequate remedies at law.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Violation of Prohibition Against Excessive Fines)

28.    As a separate and distinct affirmative defense, Defendants allege that Plaintiffs' Complaint, and each and every alleged cause of action therein, or some of them, are barred to the extent that such penalties or fines violate the prohibition against excessive fines in violation of the Eighth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (No Willful Failure to Pay)

29.    As a separate and distinct affirmative defense, Defendant alleges that assuming, *arguendo,* that Plaintiff and the putative class members are entitled to additional compensation, Defendant has not willfully or intentionally failed to pay any such additional compensation to Plaintiff and the putative class members, to justify any awards of penalties or fees.

### THIRTIETH AFFIRMATIVE DEFENSE

#### (No Violation of California Labor Code or any Wage
#### Order of the Industrial Welfare Commission)

30.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained because, without admitting that any violation took place, Defendant alleges that any violation of the California Labor Code or of a Wage Order of the Industrial Welfare Commission was an act or omission made in good faith, and that in any participation in such acts, Defendant had reasonable grounds for believing that the act or omission was not a violation of the California Labor Code or any Wage Order of the Industrial Welfare Commission.

**RESERVATION OF RIGHTS**

Defendants allege that Plaintiffs have failed to plead their claims with sufficient particularity to enable Defendants to allege all appropriate affirmative defenses and therefore Defendants reserve the right to allege additional affirmative defenses as needed.

**PRAYER**

WHEREFORE, Defendants pray for relief as follows:

1.    That Plaintiffs take nothing by way of the Complaint and that judgment be entered in favor of Defendants;

2.    For costs incurred herein;

3.    For an award of attorney's fees and costs as provided by statute; and

4.    For such other and further relief as the Court deems just and proper.

Dated:  August 10, 2020                    RAIMONDO & ASSOCIATES


By: _____
        Anthony Raimondo
        James D. Miller
        Attorneys for Defendants
PLANSA, LLC; PLANASA US HOLDIGS, LLC;
PLANASA-CALIFORNIA REO, LLC; NORCAL
        NURSERY, LLC

1

## PROOF OF SERVICE

2     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Raimondo & Associates, 7110 North Marks

3   Avenue, Suite 104, Fresno, California 93711.  On August 10, 2020, I served the within documents:

4   **DEFENDANTS' ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

5

6   ☐     **BY FAX:**  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed.  No error was reported by the fax machine that I used.  A copy of the record of the fax

7   transmission, which I printed out, is attached.

8   ☐     **BY PERSONAL DELIVERY:**  I personally delivered the document(s) to the

9   person(s) at the address(es) set forth below.  **(1)** For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the

10   documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours

11   of nine in the morning and five in the evening.  **(2)** For a party, delivery was made

12   to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six

13   in the evening.

14   ☐     **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) set forth below.  I placed the envelope for

15   collection and mailing following ordinary business practices.  I am readily familiar

16   with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing,

17   it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

18

19   I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Fresno, California.

20   ☐     **BY OVERNIGHT MAIL:**  I enclosed the document(s) in an envelope or package

21   provided by an overnight delivery carrier and addressed to the persons at the address(es) set forth below.  I placed the envelope or package for collection and

22   overnight delivery at an office or a regularly utilized drop box of the overnight

23   delivery carrier.

24   ☒     **BY ELECTRONIC SUBMISSION:**  Based on a court order or an agreement of the parties to accept electronic service, I caused the document(s) to be sent to the

25   person(s) at the electronic service address(es) listed below.

26

27

28

Jose Macias
Hector J. Rodriguez
Travis M. Adams
MACIAS RODRIGUEZ LLP
1550 The Alameda, Suite 332
San Jose, CA 95126
TEL: 408-455-1243
jose@macisrodriguez.com
hector@maciasrodriguez.com
travis@maciasrodriguez.com

*Attorneys for Plaintiff,*
*BLAS TRUJILLO and ALBERTO DE*
*LA ROSA, as individuals, and on*
*behalf of other members similarly*
*situated*

   I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

   Executed on August 10, 2020, at Fresno, California.

_Erendira Herrera_
Erendira Herrera

2